**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>    Plaintiff,<br><br> v.<br><br>DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION,<br><br>    Defendants. | Case No. 6:20-cv-00476-ADA<br><br>**JURY TRIAL DEMANDED** |

## <u>DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ........................................................................................1

II.   BACKGROUND ..........................................................................................2

      A.    The '435 Patent ................................................................................ 2

      B.    The Accused Product ........................................................................ 2

III.  LEGAL STANDARD....................................................................................4

      A.    Direct Infringement........................................................................... 4

      B.    Induced and Contributory Infringement ........................................... 4

IV.   ARGUMENT ................................................................................................5

      A.    Plaintiff Fails to State a Claim for Direct Infringement ................... 5

      B.    Plaintiff Fails to State a Claim for Induced and Contributory
            Infringement...................................................................................... 9

            1.    Plaintiff's Indirect Infringement Claims Fail Without Direct
                  Infringement............................................................................. 9

            2.    Plaintiff Fails to Allege the Requisite Knowledge for Indirect
                  Infringement............................................................................. 9

            3.    Plaintiff Fails to Allege the Requisite Specific Intent for Induced
                  Infringement........................................................................... 11

            4.    Plaintiff Fails to Allege the Requisite Lack of Substantial
                  Non-Infringing Uses for Contributory Infringement ............... 12

V.    CONCLUSION............................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) ..................................................................5, 11

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ..................................5, 11

*Aguirre v. Powerchute Sports, LLC*,
No. SA-10-CV-0702 XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ........................9, 10

*Artrip v. Ball Corp.*,
735 Fed. Appx. 708 (Fed. Cir. 2018) ..................................................................12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)............................................................................4

*Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*,
C 11–04049 JW, 2012 WL 1030031 (N.D. Cal. Mar. 22, 2012)...........................................10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)............................................................................4

*Bell v. Crawford Indep. Sch. Dist.*,
No. 6:19-CV-268-ADA, 2020 WL 5370592 (W.D. Tex. Feb. 13, 2020)................................8

*Brandywine Commc'ns Techs., LLC v. Casio Computer Co.*,
912 F. Supp. 2d 1338 (M.D. Fla. 2012)................................................................10

*Chapterhouse, LLC v. Shopify, Inc.*,
No. 2:18-CV-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018) ..............................6

*Commil USA, LLC v. Cisco Sys., Inc.*,
135 S. Ct. 1920 (2015)........................................................................5, 9

*De La Vega v. Microsoft Corp.*,
2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)...................................................4, 6

*Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*,
No. CV 18-098 (MN), 2018 WL 6629709 (D. Del. Dec. 19, 2018).......................................12

*DSU Med. Corp. v. JMS Co., Ltd.*,
471 F.3d 1293 (Fed. Cir. 2006)..........................................................................11

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*,
   909 F.3d 398 (Fed. Cir. 2018)..............................................................................5, 9

*Ericsson, Inc. v. D-Link Sys., Inc.*,
   773 F.3d 1201 (Fed. Cir. 2014)..................................................................................6

*Finjan, Inc. v. Secure Computing Corp.*,
   626 F.3d 1197 (Fed. Cir. 2010)..................................................................................6

*Fujitsu Ltd. v. Netgear Inc.*,
   620 F.3d 1321 (Fed. Cir. 2010)..................................................................................5

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011)....................................................................................................5

*Horatio Wash. Depot Techs. LLC v. TOLMAR, Inc.*,
   No. 17-1986-LPS, 2018 WL 5669168 (D. Del. Nov. 1, 2018)...................................6

*Hypermedia Navigation LLC v. Google LLC*,
   No. 18-CV-06137-HSG, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019)......................12

*Intellectual Ventures I LLC v. Motorola Mobility LLC*,
   870 F.3d 1320 (Fed. Cir. 2017)..............................................................................4, 9

*Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*,
   No. 3:18-01074-K, slip op. (N.D. Tex. Oct. 9, 2018)................................................7

*Lormand v. US Unwired, Inc.*,
   565 F.3d 228 (5th Cir. 2009) .....................................................................................4

*Ormco Corp. v. Align Tech., Inc.*,
   463 F.3d 1299 (Fed. Cir. 2006)..................................................................................6

*Parity Networks, LLC v. Cisco Sys., Inc.*,
   No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019).....................11, 12

*Parus Holdings Inc. v. Apple Inc.*,
   No. 6:19-cv-432, Feb. 20, 2020 Text Order GRANTING D.I. 54
   (W.D. Tex. Feb. 20, 2020)........................................................................................10

*Pilot Energy Sols., L.L.C. v. Oxy USA, Inc.*,
   No. AU-16-CA-00687-SS, 2018 WL 3014421 (W.D. Tex. Apr. 6, 2018)................6

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Proxyconn Inc. v. Microsoft Corp.*,
   No. SACV 11-1681-DOC-ANX, 2012 WL 1835680 (C.D. Cal. May 16, 2012)...................10

*Redding v. Swanton*,
   No. 1-16-CV-01153-ADA, 2020 WL 4572696 (W.D. Tex. Aug. 7, 2020) .............................8

*Xpoint Technologies, Inc. v. Microsoft Corp.*,
   730 F. Supp. 2d 349 (D. Del. 2010)........................................................................................10

iv

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
|---|---|
| '435 patent | U.S. Patent No. 7,565,435 |
| Accused Products | Dell PowerSwitch N Series switches |
| Complaint or Compl. | Complaint (D.I. 1) |
| Defendants | Dell Technologies Inc., Dell Inc., and EMC Corporation |
| MSTP | Multiple Spanning Tree Protocol |
| RSTP | Rapid Spanning Tree Protocol |
| STP | Spanning Tree Protocol |
| VLAN | Virtual Local Area Network |
| WSOU or Plaintiff | WSOU Investments, LLC d/b/a Brazos Licensing and Development |

## I.      INTRODUCTION

Plaintiff's Complaint ignores that the sole identified claim is a ***method*** claim,[1] requiring ***actual performance*** of the claimed steps.  For several limitations of the claim, Plaintiff alleges only that the Accused Products "may be configured" to meet the limitation, or worse, is completely silent and ignores the limitation.  Because Plaintiff does not allege that each and every step of the method claim has actually been practiced by ***anyone***, Plaintiff's Complaint does not properly allege a claim for direct infringement.

The direct infringement allegations also fail because they do not allege even potential performance of several limitations of the claims, including those relied on to distinguish prior art during prosecution.  Plaintiff has not alleged, and cannot allege, performance of these limitations because the accused products simply do not work in the claimed manner.

The indirect infringement claims fare no better.  They are based on knowledge of the patent only as of the date of the Complaint, which this Court has repeatedly held is insufficient to sustain a claim of indirect infringement.  They also completely fail to allege numerous other elements of induced and contributory infringement.  As such, this case should be dismissed.

---

[1]  While WSOU's Complaint makes the perfunctory statement that Defendants "infringe *at least* one claim of the '435 Patent," Compl. ¶ 21, WSOU's Complaint does not have any allegations pertaining to other claims, which contain other requirements nowhere addressed by the Complaint. For example, claim 8 requires "[a] bridge having a plurality of ports connected by links to other ports and bridges in a computer network," *see* '435 patent, cl. 8, and claim 13 requires a "computer network," *see id.*, cl. 13.

## II.    BACKGROUND

### A.    The '435 Patent

The '435 patent, which is entitled "Method for obtaining the best connectivity achievable within virtual local area networks," relates generally to configuring virtual Local Area Networks (VLANs) in a network managed by a multiple spanning tree protocol (MSTP).  *See* '435 patent, 1:8–13.  Plaintiff identifies claim 1 in the Complaint:

> 1. A method for forwarding data frames between bridges within a computer network, the bridges including ports; said method comprising the steps of:
>
> > [a] creating and configuring a plurality of Multiple Spanning Tree Instances (MSTIs) whose active topology covers the topology of Virtual Local Area Networks (VLANs) being used within the computer network;
> >
> > [b] creating VLAN member sets and associating each of said VLANs with an appropriate one of the MSTIs, each of said VLAN member sets indicating the ports in each of the bridges within one of the MSTIs to which data traffic destined to members of the associated VLAN is being forwarded;
> >
> > [c] setting the Internal Port Path Cost (IPPC) of one of the ports of one of said bridges within the MSTI to a high IPPC when said port is not part of the VLAN member set; and
> >
> > [d] setting the IPPC of one of the ports of one of said bridges within the MSTI to a lower IPPC when said port is part of the VLAN member set;
> >
> > [e] said settings reestablish connectivity in one of the MSTIs experiencing a failure by activating links whose activation ensures that the connectivity within the VLAN mapped onto and associated with the MSTI is not lost;
> >
> > [f] wherein said high IPPC is a value that is higher than any of the values used for the IPPCs of ports that are part of the VLAN member set; and said lower IPPC is a value that is based on a speed of the links that are connected to the corresponding ports that are part of the VLAN member set.

*Id.*, cl. 1 (bracketed reference letters added).

### B.    The Accused Product

Plaintiff accuses PowerSwitch N Series switches of allegedly infringing claim 1 of the '435 patent.  D.I. 1 ¶¶ 13, 20.  Based on the documents cited in the Complaint, the PowerSwitch N

switches support several different types of spanning tree protocols: classic STP, MSTP, and RSTP. *See* https://cc.cnetcontent.com/inlinecontent/mediaserver/len/bf8/bd5/bf8bd5f94d054190 98c68e753796699e/original.pdf at 779 (last retrieved Oct. 4, 2020).[2] However, by default, MSTP is disabled:

## Default STP Values

Spanning tree is globally enabled on the switch and on all ports and LAGs.
Table 22-1 summarizes the default values for STP.

**Table 22-1.  STP Defaults**

| Parameter | Default Value |
| --- | --- |
| Enable state | Enabled (globally and on all ports) |
| Spanning tree mode | RSTP (Classic STP, STP-PV, RSTP-PV and MSTP are disabled) |

*Id*. at 799.  To enable MSTP, a user must specifically set the spanning tree protocol operational mode to MSTP.  *See* https://dell.com/support/article/en-us/how10525/how-to-manage-multiple-spanning-tree-mstp-using-command-line-on-dell-networking-powerconnect-campus-switches?lang=en (last retrieved Oct. 4, 2020).

Moreover, the documents cited in the Complaint state that the accused switches allow the user to specify the *spanning tree* path cost for the port.[3]  *See* https://cc.cnetcontent.com/inlinecontent/mediaserver/len/bf8/bd5/bf8bd5f94d05419098c68e7537 96699e/original.pdf at 812 (last retrieved Oct. 4, 2020).  However, for all ports, those documents state that "[t]he default cost is 0, which signifies that the cost is automatically calculated based on port speed."  *Id*.

---

[2]  All links are cited in WSOU's Complaint.

[3]  For purposes of this motion only, given the applicable standard, Defendants are not challenging WSOU's allegation that the "spanning tree path cost" identified in WSOU's Complaint is relevant to the asserted claim.  *See* Compl. ¶ 18.

Thus, based on the documents the Complaint cites, the Accused Products, unless configured otherwise, do not use MSTP at all, and the spanning tree path cost for each path is set to zero.

## III.   LEGAL STANDARD

### A.   Direct Infringement

A complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted."  The complaint must include more than "a formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must allege non-conclusory facts that make liability "plausible," meaning the facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*; *see Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) ("The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim.").  For a claim of patent infringement, the complaint must—at a minimum—plead facts that describe how the allegedly infringing product infringes.  *See De La Vega v. Microsoft Corp.*, 2020 WL 3528411, at *6–7 (W.D. Tex. Feb. 11, 2020).

### B.   Induced and Contributory Infringement

To plead indirect infringement, the complaint must first plead direct infringement by a third party.  *See Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1329 (Fed. Cir. 2017) ("A finding of direct infringement is predicate to any finding of indirect infringement[.]");

*Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398, 407 (Fed. Cir. 2018) (same).

For both induced and contributory infringement, plaintiff must also plead facts to support an inference of each defendant's "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015).

For induced infringement, Plaintiff additionally must plead facts showing that each defendant "had [a] specific intent to induce the [third party's] patent infringement." *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014). The "specific intent" element is "demanding" and requires more than "unsubstantiated assertions" or "generalized allegations" as to the intent of the alleged infringer. *Id.* at *7, *21. Specific intent requires more than knowledge of the induced acts; rather, the accused infringer must have "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

For contributory infringement, Plaintiff must also plead "that the component has no substantial noninfringing uses, and [] that the component is a material part of the invention." *Affinity Labs*, 2014 WL 2892285, at *8 (citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)).

## IV.   ARGUMENT

### A.   Plaintiff Fails to State a Claim for Direct Infringement

Plaintiff's Complaint should be dismissed because it does not allege—let alone plausibly allege—that anyone has ***actually performed*** each and every limitation of claim 1 of the '435 patent. The law is clear: "To infringe a method or process claim, a person ***must have practiced all steps***

of the claimed method." *Pilot Energy Sols., L.L.C. v. Oxy USA, Inc.*, No. AU-16-CA-00687-SS, 2018 WL 3014421, at *3 (W.D. Tex. Apr. 6, 2018) (emphasis added); *see also Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1206 (Fed. Cir. 2010) (same).  In other words, "[m]ethod claims are only infringed when the claimed process is performed, not by the sale of an apparatus that is capable of infringing use." *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006); *see also Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1221 (Fed. Cir. 2014) ("Because the asserted claim is a method claim, however, the accused devices must also actually perform that method.").

Moreover, to be sufficient under *Iqbal/Twombly*, Plaintiff's allegations must be more than conclusory and cannot skip certain elements of the claim.  *See De La Vega*, 2020 WL 3528411, at *6 (granting motion to dismiss because plaintiff failed to explain and allege one limitation of the claim).   Indeed, this Court's decisions are consistent with other courts holding that the *Iqbal/Twombly* standard requires more than a bare-bones allegation that alleged products, like those involving the particular technology in this case, "meet each and every element of at least one claim of the asserted patent." *E.g.*, *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 WL 6981828, at *2–3 (E.D. Tex. Dec. 11, 2018) (granting dismissal as to patent claims involving "hardware and software" technology relating to a "transaction receipt system," and holding that "[w]hile screenshots may be useful in laying out a plausible allegation of patent infringement, Plaintiff must further allege how the screenshots meet the text of the exemplary claim in order to lay out sufficient factual allegations which might permit the Court to find that the *Iqbal/Twombly* standard is met"); *see also Horatio Wash. Depot Techs. LLC v. TOLMAR, Inc.*, No. 17-1986-LPS, 2018 WL 5669168, at *11 (D. Del. Nov. 1, 2018) ("In order to adequately plead direct (and indirect and willful) infringement, a plaintiff needs to have pleaded facts that plausibly

indicate that the accused products contain each of the limitations found in the claim." (emphasis added)); *Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*, No. 3:18-01074-K, slip op. at 3 (N.D. Tex. Oct. 9, 2018) ("Because of [the complicated nature of the technology involved], a plausible inference that an accused device meets all the limitations of the asserted claims cannot be inferred from the bare conclusory allegations that this is so.").

Plaintiff's Complaint—which asserts only *capability* to perform certain limitations and is completely silent on others—does not meet the pleading requirements for direct infringement and should be dismissed. At least *six* limitations of claim 1 are not pled. *First,* claim 1[a] requires "creating and configuring a plurality of Multiple Spanning Tree Instances whose active topology covers the topology of Virtual Local Area Networks (VLANs) being used within the computer network." Plaintiff alleges only that the Accused Products "*may be configured*" to meet this limitation. Compl. ¶ 15. *Second*, claim 1[b] requires "creating VLAN member sets and associating each of said VLANs with an appropriate one of the MSTIs . . . ." Plaintiff's Complaint is *silent* as to whether VLANs are associated with "an appropriate one of the MSTIs." *See generally* Compl. ¶ 16. *Third*, claim 1[c] requires "setting the Internal Port Path Cost (IPPC) of one of the ports of one of said bridges within the MSTI to a high IPPC when said port is not part of the VLAN member set." Plaintiff alleges only that the Accused Products "*may be configured*" "to set a relatively higher path cost." Compl. ¶ 17. *Fourth*, claim 1[d] requires "setting the IPPC of one of the ports of one of said bridges within the MSTI to a lower IPPC when said port is part of the VLAN member set." Plaintiff alleges only that the Accused Products "*may be configured*" "to set a relatively low path cost." Compl. ¶ 17. *Fifth*, claim 1[e] requires that the "high IPPC is a value that is higher than any of the values used for the IPPCs of ports that are part of the VLAN member set." Plaintiff's Complaint is *silent* as to this limitation. *Sixth and finally*, claim 1[f]

7

requires that the "lower IPPC is a value that is based on a speed of the links that are connected to the corresponding ports that are part of the VLAN member set."  Plaintiff alleges only that the Accused Products "*may* set a path cost for a forwarding port based on port speed."  Compl. ¶ 18. Plaintiff's Complaint, moreover, is *silent* as to whether the low IPPC value is based on the speed links.

Thus, despite claim 1 requiring the ***actual performance*** of ***specific steps***, Plaintiff merely alleges repeatedly that the Accused Products "may be configured" to perform certain claim elements in isolation, or—worse—Plaintiff completely ignores limitations entirely.  This failure is particularly egregious and relevant where the documents Plaintiff relies on demonstrate that the protocol that must be used in Plaintiff's infringement theory—MSTP—is turned *off* by default and can be used only if the user turns it on.  *See* https://cc.cnetcontent.com/inlinecontent/mediaserver/len/bf8/bd5/bf8bd5f94d05419098c68e753796699e/original.pdf at 779 (last retrieved Oct. 4, 2020).  Plaintiff never alleges that anyone configures the Accused Products by completing *all* the steps of claim 1.  Instead, Plaintiff's infringement claim rests on speculating that the Accused Products *may* potentially be configured in the manner required by *all steps* of the claim. Such speculative allegations do not meet Plaintiff's obligations under *Iqbal/Twombly*.  *See Redding v. Swanton*, No. 1-16-CV-01153-ADA, 2020 WL 4572696, at *4 (W.D. Tex. Aug. 7, 2020) ("The Supreme Court is no-nonsense about pleading specificity requirements . . . Plaintiffs cannot satisfy the requirement in *Iqbal* to plead facts rising above the speculative level . . . ."); *Bell v. Crawford Indep. Sch. Dist.*, No. 6:19-CV-268-ADA, 2020 WL 5370592, at *5 (W.D. Tex. Feb. 13, 2020) (dismissing claim for failing to allege a "right to relief above the speculative level as

required by *Twombly*").  Because Plaintiff's Complaint does not meet the most basic pleading requirements for alleging infringement of a method claim, the complaint should be dismissed.

### B.      Plaintiff Fails to State a Claim for Induced and Contributory Infringement

Plaintiff's indirect infringement claims are deficient and should be dismissed.  As an initial matter, Plaintiff's failure to plausibly allege direct infringement precludes its claims of induced and contributory infringement.  Beyond that failing, Plaintiff has failed to plead any knowledge by Defendants of the patent, or knowledge by Defendants of alleged infringement, ***prior*** to the filing of this action.  Plaintiff also fails to plead a specific intent to induce infringement.  And, Plaintiff has not pled, and cannot plead, that there are no substantial non-infringing uses.  Each of these failures independently warrants dismissal of Plaintiff's indirect infringement allegations.

#### 1.      Plaintiff's Indirect Infringement Claims Fail Without Direct Infringement

Plaintiff's indirect infringement allegations are insufficient as a matter of law as Plaintiff fails to plausibly allege direct infringement by a third party.  *See supra* § IV.A.  It is axiomatic that "[i]n order to succeed on a claim of inducement, the patentee must show, first that there has been direct infringement . . . ."  *Enplas*, 909 F.3d at 407 (citations omitted); *see also Intellectual Ventures*, 870 F.3d at 1329 ("A finding of direct infringement is predicate to any finding of indirect infringement . . . .").  As a result, Plaintiff has also failed to adequately plead its claims of induced and contributory infringement and these claims should be dismissed.

#### 2.      Plaintiff Fails to Allege the Requisite Knowledge for Indirect Infringement

Plaintiff's indirect infringement allegations fail because they do not plead the required "knowledge of the patent in suit and knowledge of patent infringement."  *Commil*, 135 S. Ct. at 1926.  As courts in this District have held, the knowledge requirements for indirect infringement require ***pre-suit*** knowledge.  *See Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR,

2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) (holding that reliance "on knowledge of [plaintiff's] patent after the lawsuit was filed . . . is insufficient to plead the requisite knowledge for indirect infringement").

Despite this clear requirement, Plaintiff's sole allegation of knowledge of the patent is a conclusory statement that "Defendants have received notice and actual or constructive knowledge of the '435 Patent *since at least the date of service of this Complaint*." Compl. ¶ 22 (emphasis added).[4]  This Court has rejected identical allegations of knowledge.  For example, in *Parus*, this Court dismissed indirect infringement claims where plaintiff's only allegation of knowledge of the patent was that "Defendant Apple has had knowledge of the '431 Patent *since at least the filing of the original complaint*."  *Parus*, No. 6:19-cv-432, at D.I. 28 (Amended Compl.) at ¶ 44; *see id.* at Feb. 20, 2020 Text Order GRANTING D.I. 54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims).  Like the allegations in *Parus*, Plaintiff fails to allege pre-suit knowledge and thus fails to state a claim for indirect infringement.  *See id.*; *Aguirre*, 2011 WL 2471299, at *3.[5]

---

[4] Plaintiff's allegation of knowledge of infringement is likewise deficient as it alleges such knowledge only "[s]ince at least the date of service of this Complaint."  Compl. ¶ 24; *see, e.g.*, *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, Feb. 20, 2020 Text Order GRANTING D.I. 54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims where the only allegations of knowledge of infringement were that "[b]y the time of trial, Defendant Apple will have known and intended (since receiving such notice) that their continued actions would actively induce the infringement of the claims of the '431 Patent." (D.I. 28 (Amended Compl.) at ¶ 44)).

[5] Other courts similarly have held that "knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement."  *Xpoint Technologies, Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010); *Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, C 11–04049 JW, 2012 WL 1030031, at *4 (N.D. Cal. Mar. 22, 2012); *Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681-DOC-ANX, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012); *Brandywine Commc'ns Techs., LLC v. Casio Computer Co.*, 912 F. Supp. 2d 1338, 1345 (M.D. Fla. 2012) ("The weight of authority addressing the knowledge required for indirect

### 3. Plaintiff Fails to Allege the Requisite Specific Intent for Induced Infringement

Plaintiff also entirely fails to plead specific intent in support of its inducement claim. Allegations of specific intent require factual "'evidence of culpable conduct, ***directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities***.'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) (quoting *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)). Plaintiff's allegations of specific intent amount to a single conclusory statement that Defendants "actively induced" others to infringe through their advertising, promotional materials, and three website citations. *See* Compl. ¶ 23.[6] Such conclusory allegations fail to present facts that demonstrate: (1) Defendants knew that the alleged acts would infringe, and (2) Defendants knew that the promotion of their products would induce or encourage others to infringe the Asserted Patent. *See Addiction*, 620 F. App'x at 938 ("[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement."); *Affinity Labs*, 2014 WL 2892285, at *7, *21 (finding "Plaintiffs generalized allegations that Toyota induced others to infringe the Asserted Patents through its marketing and sales tactics are [] insufficient"). To support specific intent, Plaintiff must include specific allegations mapping the advertisement or promotion to the performance of the claimed steps of the

---

infringement . . . requires a plaintiff to allege that defendant had pre-suit knowledge of the patents-in-suit.").

[6] Plaintiff never once alleges that these third parties *actually* infringed.

patent—i.e., "evidence of culpable conduct, direct to encouraging another's infringement." *Parity*, 2019 WL 3940952, at *2.[7]

Plaintiff's inducement claim should be dismissed because the Complaint is entirely silent on a fundamental requirement of induced infringement.

### 4.    Plaintiff Fails to Allege the Requisite Lack of Substantial Non-Infringing Uses for Contributory Infringement

Plaintiff's contributory infringement allegations also fail because Plaintiff did not "'plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.'" *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (citation omitted). Plaintiff has not pled a lack of substantial non-infringing uses because it cannot do so. Plaintiff's only allegation on these elements is a conclusory statement that repeats the legal elements. *See* Compl. ¶ 22. As the Federal Circuit held in *Artrip*, conclusory allegations are not enough. 735 F. App'x at 713 (affirming dismissal of a contributory infringement claim where the "complaint did not plausibly assert facts to suggest that [Defendant] was aware of the patents or facts to suggest that the [Accused Product] it supplied had no substantial noninfringing use"). Plaintiff's failure to raise a plausible inference of no substantial non-infringing uses is fatal to its contributory infringement claim, and as such it should be dismissed.

---

[7] *See also Hypermedia Navigation LLC v. Google LLC*, No. 18-CV-06137-HSG, 2019 WL 1455336, at *3 (N.D. Cal. Apr. 2, 2019) ("In no way does the complaint detail *how* an end user would infringe Hypermedia's patents by following instructions in the links provided in the complaint.") (emphasis in original); *Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, No. CV 18-098 (MN), 2018 WL 6629709, at *4 (D. Del. Dec. 19, 2018) (holding mere citations to websites were insufficient to plead specific intent).

## V.      CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and dismiss Plaintiff's Complaint in its entirety for failure to plausibly state a claim for relief, without leave to amend.  Pursuant to L.R. CV-7(h), Defendants request an oral hearing on the foregoing motion.

Dated:  October 5, 2020       By:   *Barry K. Shelton*
                Barry K. Shelton
                Texas State Bar No. 24055029
                bshelton@sheltoncoburn.com
                **SHELTON COBURN LLP**
                311 RR 620, Suite 205
                Austin, TX  78734-4775
                Telephone:  512.263.2165
                Facsimile:  512.263.2166

                Benjamin Hershkowitz
                bhershkowitz@gibsondunn.com
                Brian A. Rosenthal
                brosenthal@gibsondunn.com
                Allen Kathir
                akathir@gibsondunn.com
                Kyanna Sabanoglu
                ksabanoglu@gibsondunn.com
                **GIBSON, DUNN & CRUTCHER LLP**
                200 Park Avenue
                New York, NY  10166-0193
                Telephone:  212.351.4000
                Facsimile:  212.351.4035

                Y. Ernest Hsin
                ehsin@gibsondunn.com
                Jaysen S. Chung
                jschung@gibsondunn.com
                **GIBSON, DUNN & CRUTCHER LLP**
                555 Mission Street, Suite 3000
                San Francisco, CA  94105-0921
                Telephone:  415.393.8200
                Facsimile:  415.393.8306

                Ryan K. Iwahashi
                riwahashi@gibsondunn.com
                **GIBSON, DUNN & CRUTCHER LLP**
                1881 Page Mill Road
                Palo Alto, CA  94304-1211
                Telephone:  650.849.5300
                Facsimile:  650.849.5333

                *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 5th day of October 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(b)(1).

*/s/ Barry K. Shelton*

Barry K. Shelton
