**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>        Plaintiff,<br><br>  v.<br><br>DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION,<br><br>        Defendants. | Case No. 6:20-cv-00476-ADA<br><br>**JURY TRIAL DEMANDED** |

**<u>DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM</u>**

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ..................................................................................................1

II.     BACKGROUND ...................................................................................................1

        A.      The '435 Patent .......................................................................................... 1

        B.      The Accused Product .................................................................................. 2

        C.      Original Complaint and Prior Motion to Dismiss...................................... 4

III.    LEGAL STANDARD.............................................................................................5

        A.      Direct Infringement.................................................................................... 5

        B.      Induced and Contributory Infringement .................................................... 5

IV.     ARGUMENT .........................................................................................................6

        A.      Plaintiff Fails to State a Claim for Direct Infringement ............................ 6

        B.      Plaintiff Fails to State a Claim for Induced and Contributory
                Infringement............................................................................................. 10

                1.      Plaintiff's Indirect Infringement Claims Fail without Direct
                        Infringement................................................................................... 11

                2.      Plaintiff Fails to Allege the Requisite Knowledge for Indirect
                        Infringement................................................................................... 11

                3.      Plaintiff Fails to Allege the Requisite Specific Intent for Induced
                        Infringement................................................................................... 13

                4.      Plaintiff Fails to Allege the Requisite Lack of Substantial Non-
                        Infringing Uses for Contributory Infringement ........................... 15

V.      CONCLUSION....................................................................................................15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter,*
620 F. App'x 934 (Fed. Cir. 2015) ......................................................................5, 14

*Affinity Labs of Texas, LLC v. Toyota Motor N. Amend.,*
No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ..................................6, 14

*Aguirre v. Powerchute Sports, LLC,*
No. SA-10-CV-0702 XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ..........................11

*Artrip v. Ball Corp.,*
735 F. App'x 708 (Fed. Cir. 2018) ............................................................................15

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009).................................................................................................5

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)..............................................................................................5, 9

*Bell v. Crawford Indep. Sch. Dist.,*
No. 6:19-CV-268-ADA, 2020 WL 5370592 (W.D. Tex. Feb. 13, 2020).............................10

*Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.,*
904 F. Supp. 2d 1260 (M.D. Fla. 2012) .....................................................................13

*Chapterhouse, LLC v. Shopify, Inc.,*
No. 2:18-CV-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018) ............................7

*Commil USA, LLC v. Cisco Sys., Inc.,*
135 S. Ct. 1920 (2015) ..........................................................................................5, 11

*De La Vega v. Microsoft Corp.,*
2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)..............................................................5, 7

*Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.,*
No. CV 18-098 (MN), 2018 WL 6629709 (D. Del. Dec. 19, 2018).......................................14

*DSU Med. Corp. v. JMS Co.,*
471 F.3d 1293 (Fed. Cir. 2006)..................................................................................14

*Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.,*
C.A. No. 19-1239-CFC, 2020 WL 4365809 (D. Del. July 30, 2020).....................................12

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*,
909 F.3d 398 (Fed. Cir. 2018)............................................................................5, 11

*Ericsson, Inc. v. D-Link Sys., Inc.*,
773 F.3d 1201 (Fed. Cir. 2014).................................................................................7

*Finjan, Inc. v. Secure Computing Corp.*,
626 F.3d 1197 (Fed. Cir. 2010).................................................................................6

*Fujitsu Ltd. v. Netgear Inc.*,
620 F.3d 1321 (Fed. Cir. 2010).................................................................................6

*Global-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011).................................................................................................6

*Golden v. Apple Inc.*,
819 F. App'x 930 (Fed. Cir. 2020) ...........................................................................9

*Horatio Wash. Depot Techs. LLC v. TOLMAR, Inc.*,
No. 17-1986-LPS, 2018 WL 5669168 (D. Del. Nov. 1, 2018)..................................7

*Hypermedia Navigation LLC v. Google LLC*,
No. 18-CV-06137-HSG, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019)....................14

*Intellectual Ventures I LLC v. Motorola Mobility LLC*,
870 F.3d 1320 (Fed. Cir. 2017)............................................................................5, 11

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,
594 F.3d 383 (5th Cir. 2010) ...................................................................................2

*Orlando Commc'ns LLC v. LG Elecs., Inc.*,
No. 6:14-CV-1017-ORL-22, 2015 WL 1246500 (M.D. Fla. Mar. 16, 2015).........13

*Ormco Corp. v. Align Tech., Inc.*,
463 F.3d 1299 (Fed. Cir. 2006).................................................................................7

*Parity Networks, LLC v. Cisco Sys., Inc.*,
No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019) ...........14

*Parus Holdings Inc. v. Apple Inc.*,
No. 6:19-cv-432 (W.D. Tex. Feb. 20, 2020)......................................................11, 12

*Pilot Energy Sols., L.L.C. v. Oxy USA, Inc.*,
No. AU-16-CA-00687-SS, 2018 WL 3014421 (W.D. Tex. Apr. 6, 2018)................6

## TABLE OF AUTHORITIES
(continued)

Page(s)

*Proxyconn Inc. v. Microsoft Corp.*,
    No. SACV 11-1681 DOC ANX, 2012 WL 1835680 (C.D. Cal. May 16, 2012) ...................13

*Redding v. Swanton*,
    No. 1-16-CV-01153-ADA, 2020 WL 4572696 (W.D. Tex. Aug. 7, 2020) ...........................10

*Simplivity Corp. v. Springpath, Inc.*,
    No. CV 4:15-13345-TSH, 2016 WL 5388951 (D. Mass. July 15, 2016)...............................13

*VLSI Tech. LLC v. Intel Corp.*,
    C.A. No. 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019).......................................12

iv

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
|---|---|
| '435 patent | U.S. Patent No. 7,565,435 |
| Accused Products | Dell PowerSwitch N Series switches |
| Amended Complaint or Am. Compl. | First Amended Complaint (D.I. 33) |
| Defendants | Dell Technologies Inc., Dell Inc., and EMC Corporation |
| MSTP | Multiple Spanning Tree Protocol |
| RSTP | Rapid Spanning Tree Protocol |
| STP | Spanning Tree Protocol |
| VLAN | Virtual Local Area Network |
| Original Complaint, or Compl. | Complaint (D.I. 1) |
| WSOU or Plaintiff | WSOU Investments, LLC d/b/a Brazos Licensing and Development |

## I.        INTRODUCTION

Defendants previously filed a motion to dismiss based on fundamental problems with Plaintiff's direct and indirect infringement allegations.  *See* D.I. 30.  Plaintiff's Original Complaint ***failed*** to allege actual performance of the sole identified method claim, ***ignored*** key limitations of that method claim, and ***failed*** to allege several necessary elements of indirect infringement including pre-suit knowledge, intent, and a third-party direct infringer.  *See id*.

To address these deficiencies, Plaintiff filed an Amended Complaint containing essentially only two new additions.  *See* Rosenthal Decl., Ex. A (Redline comparison of Original and Amended Complaint).  Plaintiff's additions, however, do not overcome its pleading failures and serve only to confirm Defendants' arguments.  Plaintiff ***still*** has not plausibly alleged performance of the method claim, ***still*** has not addressed key limitations of the claim, and ***still*** has not fixed the problems with its indirect infringement claims.  As such, Plaintiff's claims for both direct and indirect infringement should be dismissed.

## II.       BACKGROUND

### A.        The '435 Patent

The '435 patent, which is entitled "Method for obtaining the best connectivity achievable within virtual local area networks," relates generally to configuring virtual Local Area Networks (VLANs) in a network managed by a multiple spanning tree protocol (MSTP).  *See* '435 patent, 1:8–13.  Plaintiff identifies claim 1 in the Amended Complaint, *see* Am. Compl. ¶ 20:

> 1. A method for forwarding data frames between bridges within a computer network, the bridges including ports; said method comprising the steps of:
>
>> [a] creating and configuring a plurality of Multiple Spanning Tree Instances (MSTIs) whose active topology covers the topology of Virtual Local Area Networks (VLANs) being used within the computer network;

[b] creating VLAN member sets and associating each of said VLANs with an appropriate one of the MSTIs, each of said VLAN member sets indicating the ports in each of the bridges within one of the MSTIs to which data traffic destined to members of the associated VLAN is being forwarded;

[c] setting the Internal Port Path Cost (IPPC) of one of the ports of one of said bridges within the MSTI to a high IPPC when said port is not part of the VLAN member set; and

[d] setting the IPPC of one of the ports of one of said bridges within the MSTI to a lower IPPC when said port is part of the VLAN member set;

[e] said settings reestablish connectivity in one of the MSTIs experiencing a failure by activating links whose activation ensures that the connectivity within the VLAN mapped onto and associated with the MSTI is not lost;

[f] wherein said high IPPC is a value that is higher than any of the values used for the IPPCs of ports that are part of the VLAN member set; and said lower IPPC is a value that is based on a speed of the links that are connected to the corresponding ports that are part of the VLAN member set.

'435 Patent, cl. 1 (bracketed reference letters added).

## B.   The Accused Product

Plaintiff accuses PowerSwitch N Series switches of allegedly infringing claim 1 of the '435 patent.  *See* Am. Compl. ¶¶ 13, 20.  Based on the documents cited in the Amended Complaint, the PowerSwitch N switches support several different types of spanning tree protocols: classic STP, MSTP, and RSTP.  *See*  https://cc.cnetcontent.com/inlinecontent/mediaserver/len/bf8/bd5/bf8bd 5f94d05419098c68e753796699e/original.pdf at 779 (last retrieved Oct. 28, 2020).[1]  However, by default, MSTP is disabled:

---

[1] All links are cited in WSOU's Amended Complaint.  *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (noting that in deciding a Rule 12(b)(6) motion, the court may review "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint").

## Default STP Values

Spanning tree is globally enabled on the switch and on all ports and LAGs.
Table 22-1 summarizes the default values for STP.

**Table 22-1.   STP Defaults**

| Parameter | Default Value |
| --- | --- |
| Enable state | Enabled (globally and on all ports) |
| Spanning tree mode | RSTP (Classic STP, STP-PV, RSTP-PV and MSTP are disabled) |

*Id*. at 799.  To enable MSTP, a user must specifically set the spanning tree protocol operational mode to MSTP.  *See* https://dell.com/support/article/en-us/how10525/how-to-manage-multiple-spanning-tree-mstp-using-command-line-on-dell-networking-powerconnect-campus-switches?lang=en (last retrieved Oct. 28, 2020).

Moreover, the documents cited in the Amended Complaint state that the accused switches allow the user to specify the *spanning tree* path cost for the port.[2]  *See* https://cc.cnetcontent.com/inlinecontent/mediaserver/len/bf8/bd5/bf8bd5f94d05419098c68e753796699e/original.pdf at 812 (last retrieved Oct. 28, 2020).  However, for all ports, those documents state that "[t]he default cost is 0, which signifies that the cost is automatically calculated based on port speed."  *Id*.

Thus, based on the documents the Amended Complaint cites, the Accused Products, unless configured otherwise, do not use MSTP at all, and the spanning tree path cost for each path is set to zero.

---

[2]  As Defendants previously stated, *see* D.I. 30 at 3 n.3, only for purposes of its motion to dismiss under *Iqbal/Twombly*, given the applicable standard, Defendants are not challenging WSOU's allegation that the "spanning tree path cost" identified in WSOU's Amended Complaint is relevant to the asserted claim.  *See* Am. Compl. ¶ 18.

### C.      Original Complaint and Prior Motion to Dismiss

Plaintiff acquired thousands of old Alcatel-Lucent patents and launched scattershot attacks—asserting 12 different patents—against Defendants.  To avoid unnecessary litigation, Defendants wrote Plaintiff, explaining that its Original Complaint did not meet the minimal pleading requirements under *Iqbal/Twombly*.  *See* Rosenthal Decl., Ex. B (Letter to WSOU regarding Deficient Infringement Allegations).  Plaintiff refused to fix its allegations.  As a result, Defendants filed a motion to dismiss setting forth the deficiencies in Plaintiff's Original Complaint.  *See* D.I. 30.

Despite having a roadmap from Defendants' letter and motion, Plaintiff filed an Amended Complaint that contained only minimal changes from the Original Complaint and that failed to fix the fundamental deficiencies.  *See* Ex. A.  To address its failure to allege actual performance of the sole identified method claim, Plaintiff merely added the conclusory speculation that "upon information and belief" Defendants practice the claimed method.  *See* Am. Compl. ¶ 20.

Moreover, despite Defendants identifying key limitations of the asserted claim that Plaintiff's Original Complaint ignored, *see* D.I. 31 at 7–8 (noting silence as to claim elements 1[b], 1[e], and 1[f]), Plaintiff's Amended Complaint *still* ignores those limitations.

Finally, Plaintiff's sole change related to indirect infringement is an attempt to fix its deficient allegations relating to pre-suit knowledge.  Plaintiff now alleges that Defendants had notice of the Asserted Patent through a previously filed and dismissed lawsuit.  Notwithstanding that Plaintiff's allegation of a prior complaint, as this Court has previously held, is insufficient to allege notice, Plaintiff did not add *any* allegations relating to intent and whether a third party directly infringes.  Thus, as explained in this motion, Plaintiff's Amended Complaint should be dismissed.

### III.    LEGAL STANDARD

#### A.    Direct Infringement

A complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted."  The complaint must include more than "a formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must allege non-conclusory facts that make liability "plausible," meaning the facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*; *see Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) ("The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim.").  For a claim of patent infringement, the complaint must—at a minimum—plead facts that describe how the allegedly infringing product infringes.  *See De La Vega v. Microsoft Corp.*, 2020 WL 3528411, at *6–7 (W.D. Tex. Feb. 11, 2020).

#### B.    Induced and Contributory Infringement

To plead indirect infringement, the complaint must first plead direct infringement by a third party.  *See Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1329 (Fed. Cir. 2017) ("A finding of direct infringement is predicate to any finding of indirect infringement[.]"); *Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398, 407 (Fed. Cir. 2018) (same).

For both induced and contributory infringement, plaintiff must also plead facts to support an inference of each defendant's "knowledge of the patent in suit and knowledge of patent infringement."  *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see Addiction*

*& Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015).

For induced infringement, Plaintiff additionally must plead facts showing that each defendant "had [a] specific intent to induce the [third party's] patent infringement." *Affinity Labs of Texas, LLC v. Toyota Motor N. Amend.*, No. W:13-CV-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014). The "specific intent" element is "demanding" and requires more than "unsubstantiated assertions" or "generalized allegations" as to the intent of the alleged infringer. *Id.* at *7, *21. Specific intent requires more than knowledge of the induced acts; rather, the accused infringer must have "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

For contributory infringement, Plaintiff must also plead "that the component has no substantial noninfringing uses, and [] that the component is a material part of the invention." *Affinity Labs*, 2014 WL 2892285, at *8 (citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)).

## IV.   ARGUMENT

### A.   Plaintiff Fails to State a Claim for Direct Infringement

Plaintiff's direct infringement claim dismissed for at least two reasons: (1) Plaintiff ***still*** does not plausibly allege that anyone has ***actually performed*** each and every limitation of claim 1 of the '435 patent; and (2) Plaintiff ***still*** ignores certain limitations of the claim.

The law is clear: "To infringe a method or process claim, a person ***must have practiced all steps*** of the claimed method." *Pilot Energy Sols., L.L.C. v. Oxy USA, Inc.*, No. AU-16-CA-00687-SS, 2018 WL 3014421, at *3 (W.D. Tex. Apr. 6, 2018) (emphasis added); *see also Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1206 (Fed. Cir. 2010) (same). In other words, "[m]ethod claims are only infringed when the claimed process is performed, not by the sale of an apparatus

that is capable of infringing use." *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006); *see also Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1221 (Fed. Cir. 2014) ("Because the asserted claim is a method claim, however, the accused devices must also actually perform that method.").

Moreover, to be sufficient under *Iqbal/Twombly*, Plaintiff's allegations must be more than conclusory and cannot skip certain elements of the claim. *See De La Vega*, 2020 WL 3528411, at *6 (granting motion to dismiss because plaintiff failed to explain and allege one limitation of the claim). Indeed, this Court's decisions are consistent with other courts holding that the *Iqbal/Twombly* standard requires more than a bare-bones allegation that alleged products, like those involving the particular technology in this case, "meet each and every element of at least one claim of the asserted patent." *E.g.*, *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 WL 6981828, at *2–3 (E.D. Tex. Dec. 11, 2018) (granting dismissal as to patent claims involving "hardware and software" technology relating to a "transaction receipt system," and holding that "[w]hile screenshots may be useful in laying out a plausible allegation of patent infringement, Plaintiff must further allege how the screenshots meet the text of the exemplary claim in order to lay out sufficient factual allegations which might permit the Court to find that the *Iqbal/Twombly* standard is met"); *see also Horatio Wash. Depot Techs. LLC v. TOLMAR, Inc.*, No. 17-1986-LPS, 2018 WL 5669168, at *11 (D. Del. Nov. 1, 2018) ("In order to adequately plead direct (and indirect and willful) infringement, a plaintiff needs to have pleaded facts that plausibly indicate that the accused products contain each of the limitations found in the claim."); *Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*, No. 3:18-01074-K, slip op. at 3 (N.D. Tex. Oct. 9, 2018) ("Because of [the complicated nature of the technology involved], a plausible

inference that an accused device meets all the limitations of the asserted claims cannot be inferred from the bare conclusory allegations that this is so.").

Plaintiff's Amended Complaint—which asserts only capability and speculation to perform certain limitations, and is completely silent on others—does not meet the pleading requirements for direct infringement and should be dismissed. For at least four limitations, Plaintiff only alleges mere capability. For example, claim 1[a] requires "creating and configuring a plurality of Multiple Spanning Tree Instances whose active topology covers the topology of Virtual Local Area Networks (VLANs) being used within the computer network," and Plaintiff alleges only that the Accused Products "*may be configured*" to meet this limitation. Am. Compl. ¶ 15. Claim 1[c] requires "setting the Internal Port Path Cost (IPPC) of one of the ports of one of said bridges within the MSTI to a high IPPC when said port is not part of the VLAN member set," and Plaintiff alleges only that the Accused Products "*may be configured*" "to set a relatively higher path cost." Am. Compl. ¶ 17. Claim 1[d] requires "setting the IPPC of one of the ports of one of said bridges within the MSTI to a lower IPPC when said port is part of the VLAN member set," and Plaintiff alleges only that the Accused Products "*may be configured*" "to set a relatively low path cost." Am. Compl. ¶ 17. Claim 1[f] requires that the "lower IPPC is a value that is based on a speed of the links that are connected to the corresponding ports that are part of the VLAN member set," and Plaintiff alleges only that the Accused Products "*may* set a path cost for a forwarding port based on port speed." Am. Compl. ¶ 18.

Further, Plaintiff's Amended Complaint *ignores* at least three limitations. Claim 1[b] requires "creating VLAN member sets and associating each of said VLANs with an appropriate one of the MSTIs . . . ," and Plaintiff's Amended Complaint is *silent* as to whether VLANs are associated with "an appropriate one of the MSTIs." *See generally* Am. Compl. ¶ 16. Claim 1[e]

requires that the "high IPPC is a value that is higher than any of the values used for the IPPCs of ports that are part of the VLAN member set," and Plaintiff's Amended Complaint is *silent* as to this limitation.  Claim 1[f] requires that the "lower IPPC is a value that is based on a speed of the links that are connected to the corresponding ports that are part of the VLAN member set," and Plaintiff's Amended Complaint is *silent* as to whether the low IPPC value is based on the speed links.  *See generally* Am. Compl. ¶ 18.

Plaintiff's Amended Complaint adds only the conclusory and speculative statement that "upon information and belief, each and every element of at least claim 1 of the '435 Patent is performed or practiced by Defendants," does not transform its allegation that a product "may be configured" to perform some steps—and its complete silence as to other steps—into sufficient allegations.  Am. Compl. ¶ 20.  Plaintiff has merely alleged that Defendants' products *might* be configured to infringe a claim, and on information and belief they are.  That naked, conclusory allegation, completely untethered to any factual allegation, is plainly insufficient under the law.  As the Federal Circuit has held, "a court must dismiss a complaint if it fails to allege 'enough facts to state a claim to relief that is plausible on its face'"; this "'facial plausibility'" requires "'more than labels and conclusions.'"  *Golden v. Apple Inc.*, 819 F. App'x 930, 931 (Fed. Cir. 2020) (quoting *Twombly*, 550 U.S. at 555 (2007)).  Plaintiff's allegations are precisely the "conclusory formulaic recitations" the law does not allow.  *Id.* (affirming dismissal where the complaint "merely states that 'at least one of the defendants named in this complaint has infringed . . . the '287 patent,'" and failed to point "to any nonfrivolous allegations of infringement of any claim by any actual product made, used, or sold by any defendant").

Thus, despite claim 1 requiring the *actual performance* of *specific steps*, Plaintiff's allegations consist either of speculation based on speculation, or—worse—Plaintiff completely

ignores limitations entirely.   This failure is particularly egregious and relevant where the documents Plaintiff relies on demonstrate that the protocol that must be used in Plaintiff's infringement theory—MSTP—is turned *off* by default and can be used only if the user turns it on. *See* https://cc.cnetcontent.com/inlinecontent/mediaserver/len/bf8/bd5/bf8bd5f94d05419098c68e753796699e/original.pdf at 779 (last retrieved Oct. 28, 2020).   Plaintiff never *plausibly* alleges that anyone configures the Accused Products by completing *all* the steps of claim 1.   Instead, Plaintiff's infringement claim rests on speculating that the Accused Products *may* potentially be configured in the manner required by *all steps* of the claim, and then speculatively asserting that Defendants practice the claimed method.   Such speculative allegations do not meet Plaintiff's obligations under *Iqbal/Twombly*.   *See Redding v. Swanton*, No. 1-16-CV-01153-ADA, 2020 WL 4572696, at *4 (W.D. Tex. Aug. 7, 2020) ("The Supreme Court is no-nonsense about pleading specificity requirements . . . Plaintiffs cannot satisfy the requirement in *Iqbal* to plead facts rising above the speculative level . . . ."); *Bell v. Crawford Indep. Sch. Dist.*, No. 6:19-CV-268-ADA, 2020 WL 5370592, at *5 (W.D. Tex. Feb. 13, 2020) (dismissing claim for failing to allege a "right to relief above the speculative level as required by *Twombly*").   Because Plaintiff's Amended Complaint *still* does not meet the most basic pleading requirements for alleging infringement of a method claim, the complaint should be dismissed.

### B.    Plaintiff Fails to State a Claim for Induced and Contributory Infringement

Plaintiff's indirect infringement claims are deficient and should be dismissed.   As an initial matter, Plaintiff's failure to plausibly allege direct infringement precludes its claims of induced and contributory infringement.   Beyond that failing, Plaintiff has further failed to adequately plead any pre-suit knowledge by Defendants of the patent, or pre-suit knowledge by Defendants of alleged infringement.   Plaintiff also fails to plead a specific intent to induce infringement.   And Plaintiff has not pled, and cannot plead, that there are no substantial non-infringing uses.   Each of

these failures independently warrants dismissal of Plaintiff's indirect infringement allegations.

### 1.   Plaintiff's Indirect Infringement Claims Fail without Direct Infringement

Plaintiff's indirect infringement allegations are insufficient as a matter of law as Plaintiff fails to plausibly allege direct infringement. *See supra* § IV.A. It is axiomatic that "'[i]n order to succeed on a claim of inducement, the patentee must show, first that there has been direct infringement.'" *Enplas*, 909 F.3d at 407 (citation omitted); *see also Intellectual Ventures*, 870 F.3d at 1329 ("A finding of direct infringement is predicate to any finding of indirect infringement . . ."). As a result, Plaintiff has also failed to adequately plead its claims of induced and contributory infringement, and these claims should be dismissed.

### 2.   Plaintiff Fails to Allege the Requisite Knowledge for Indirect Infringement

Plaintiff's indirect infringement claims fail because they do not adequately plead the required "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA*, 135 S. Ct. at 1926. As courts in this District have held, the knowledge requirements for indirect infringement require ***pre-suit*** knowledge. *See Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) (holding that reliance "on knowledge of [plaintiff's] patent after the lawsuit was filed . . . is insufficient to plead the requisite knowledge for indirect infringement"). Moreover, this Court has held—earlier this year—that allegations of knowledge based on a prior filed complaint are not enough to overcome a motion to dismiss. *See Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, Feb. 20, 2020 Text Order GRANTING D.I. 54 (dismissing indirect infringement claims where plaintiff's only allegation of knowledge were that "Defendant Apple has had knowledge of the '431 Patent since ***at least the filing of the original complaint***" and "[b]y the time of trial, Defendant Apple will have known and intended (since receiving such notice) that their continued actions would actively induce the

infringement") (quoting D.I. 28 (Am. Compl.) at ¶ 44 (emphasis added)).

The Amended Complaint includes an erroneous footnote that attempts to distinguish *Aguirre* by asserting that "Delaware courts have since rejected this rule." Am. Compl. ¶ 20 n.1. Plaintiff's statement that Delaware has rejected the pre-suit knowledge requirement is incorrect. *See, e.g.*, *VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) ("[T]he complaint itself cannot serve as the basis for a defendant's actionable knowledge."); *Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*, C.A. No. 19-1239-CFC, 2020 WL 4365809, at *2 (D. Del. July 30, 2020) ("'The purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim. For that reason, the complaint itself cannot be the source of the knowledge required to sustain claims of induced infringement.'" (citation omitted)). In any event, *this* Court has expressly adopted the pre-suit knowledge requirement, and continues to do so. *See, e.g.*, *Parus*, No. 6:19-cv-432, Feb. 20, 2020 Text Order GRANTING D.I. 54.

Despite this clear precedent, Plaintiff's only allegations of knowledge are based on the filing of its prior complaint asserting the same patent, which it inexplicably dismissed:

> **In May 2020, Plaintiff filed a suit against Defendants asserting infringement of the same patent and by the same accused products** that are asserted in this case. Plaintiff dismissed the prior suit before filing this suit. **As a result of the prior suit, Defendants had notice and actual or constructive knowledge of their infringement of the patent-in-suit since at least May 2020, before the filing of this case.** Further, Defendants had knowledge of their infringement of the patent-in-suit before the filing of this Amended Complaint.

Am. Compl. ¶ 22 (emphasis added). Like the allegations in *Parus*, WSOU's allegations of knowledge are limited to references to a prior filed complaint and thus fail to state a claim for indirect infringement. *See id.*; *Parus*, No. 6:19-cv-432, Feb. 20, 2020 Text Order GRANTING

D.I. 54.[3]  To make matters worse, Plaintiff's May 19, 2020 complaint was ***never served***, so it cannot form the basis for Defendants' knowledge.  *See* Rosenthal Decl., Ex. C (Docket for *WSOU v. Dell Inc., et al.*, No. 6-20-cv-00407) (showing dismissal prior to service of the complaint). Allowing Plaintiff to avoid the pre-suit knowledge requirement by filing a complaint, voluntarily dismissing that complaint, and refiling the same complaint two weeks later, would be at odds with the knowledge requirement itself.[4]  And, it would elevate form over substance and encourage litigants to use such a tactic to essentially eviscerate the pre-suit knowledge requirement.

Plaintiff's failure to raise a plausible inference of pre-suit knowledge of the patent and knowledge of infringement are fatal to its indirect infringement claims, and as such these claims should be dismissed.

### 3. Plaintiff Fails to Allege the Requisite Specific Intent for Induced Infringement

Plaintiff also entirely fails to plead specific intent in support of its inducement claim. Allegations of specific intent require factual "'evidence of culpable conduct, directed to

---

[3]  *See also Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681 DOC ANX, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012) ("[A] complaint fails to state a claim for indirect patent infringement where the only allegation that purports to establish the knowledge element is the allegation that the complaint itself ***or previous complaints in the same lawsuit establish the defendant's knowledge of the patent***") (emphasis added); *Orlando Commc'ns LLC v. LG Elecs., Inc.*, No. 6:14-CV-1017-ORL-22, 2015 WL 1246500, at *9 (M.D. Fla. Mar. 16, 2015) ("'Prior to suit' does not mean prior to the current iteration of the Complaint.").

[4]  *See, e.g.*, *Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260, 1268–69 (M.D. Fla. 2012) ("[B]ecause notice of the patent is necessarily provided by a complaint, finding that a complaint provides sufficient knowledge for induced infringement would vitiate the Supreme Court's holding in *Global-Tech* that an allegation of knowledge of the patent is required to state a claim for induced infringement."); *Simplivity Corp. v. Springpath, Inc.*, No. CV 4:15-13345-TSH, 2016 WL 5388951, at *8 (D. Mass. July 15, 2016) ("The suggested 'knowledge via filing' framework dilutes the knowledge requirement to the point of meaninglessness, since by virtue of being sued for infringement, a party necessarily is aware of the patent-in-suit.").

encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities.'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) (quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)).   Plaintiff's allegations of specific intent amount to a single conclusory statement that Defendants "actively induced" others to infringe through their advertising, promotional materials, and three website citations.   *See* Am. Compl. ¶ 23.   Such conclusory allegations fail to present facts that demonstrate:  (1) Defendants knew that the alleged acts would infringe, and (2) Defendants knew that the promotion of their products would induce or encourage others to infringe the Asserted Patent.  *See Addiction*, 620 F. App'x at 938 ("[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement."); *Affinity Labs*, 2014 WL 2892285, at *7, *21 (finding Plaintiff's "generalized allegations that Toyota induced others to infringe the Asserted Patents through its marketing and sales tactics are [] insufficient").   To support specific intent, Plaintiff must include specific allegations mapping the advertisement or promotion to the performance of the claimed steps of the patent—i.e., "evidence of culpable conduct, direct to encouraging another's infringement." *Parity*, 2019 WL 3940952, at *2.[5]

Plaintiff's inducement claim should be dismissed because the Amended Complaint is entirely silent on a key requirement of induced infringement.

---

[5] *See also Hypermedia Navigation LLC v. Google LLC*, No. 18-CV-06137-HSG, 2019 WL 1455336, at *3 (N.D. Cal. Apr. 2, 2019) ("In no way does the complaint detail *how* an end user would infringe Hypermedia's patents by following instructions in the links provided in the complaint." (emphasis in original)); *Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, No. CV 18-098 (MN), 2018 WL 6629709, at *4 (D. Del. Dec. 19, 2018) (holding mere citations to websites were insufficient to plead specific intent).

### 4. Plaintiff Fails to Allege the Requisite Lack of Substantial Non-Infringing Uses for Contributory Infringement

Plaintiff's contributory infringement allegations also fail because Plaintiff did not "'plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.'" *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (citation omitted). Plaintiff has not pled a lack of substantial non-infringing uses because it cannot do so. Plaintiff's only allegation on these elements is a conclusory statement that repeats the legal elements. *See* Am. Compl. ¶ 24. As the Federal Circuit held in *Artrip*, conclusory allegations are not enough. 735 F. App'x at 713 (affirming dismissal of a contributory infringement claim where the "complaint did not plausibly assert facts to suggest that [Defendant] was aware of the patents or facts to suggest that the [Accused Product] it supplied had no substantial noninfringing use"). Furthermore, Plaintiff cannot plead facts to support these elements because the Accused Products may be configured to not use multiple spanning tree protocols. In fact, this feature is disabled by default. Plaintiff's failure to raise a plausible inference of no substantial non-infringing uses is fatal to its contributory infringement claim, and as such it should be dismissed.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and dismiss Plaintiff's Amended Complaint in its entirety for failure to plausibly state a claim for relief, without leave to amend. Pursuant to L.R. CV-7(h), Defendants request an oral hearing on the foregoing motion.

15

Dated:  October 30, 2020

By:  *Barry K. Shelton*
Barry K. Shelton
Texas State Bar No. 24055029
bshelton@sheltoncoburn.com
**SHELTON COBURN LLP**
311 RR 620, Suite 205
Austin, TX  78734-4775
Telephone:  512.263.2165
Facsimile:  512.263.2166

Benjamin Hershkowitz
bhershkowitz@gibsondunn.com
Brian A. Rosenthal
brosenthal@gibsondunn.com
Allen Kathir
akathir@gibsondunn.com
Kyanna Sabanoglu
ksabanoglu@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Y. Ernest Hsin
ehsin@gibsondunn.com
Jaysen S. Chung
jschung@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

Ryan K. Iwahashi
riwahashi@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone:  650.849.5300
Facsimile:  650.849.5333

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 30th day of October 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(b)(1).

*/s/ Barry K. Shelton*

Barry K. Shelton
