**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>      Plaintiff,<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC.,<br><br>      Defendants. | Case No. 6:20-cv-00473-ADA<br>Case No. 6:20-cv-00474-ADA<br>Case No. 6:20-cv-00475-ADA<br>Case No. 6:20-cv-00476-ADA<br>Case No. 6:20-cv-00477-ADA<br>Case No. 6:20-cv-00478-ADA<br>Case No. 6:20-cv-00479-ADA<br>Case No. 6:20-cv-00480-ADA<br>Case No. 6:20-cv-00481-ADA<br>Case No. 6:20-cv-00482-ADA<br>Case No. 6:20-cv-00485-ADA<br>Case No. 6:20-cv-00486-ADA<br><br>**JURY TRIAL DEMANDED** |

## JOINT MOTION TO ENTER SCHEDULING ORDER

**TO THE HONORABLE COURT:**

Pursuant to the Court's Order to meet and confer in advance of the Rule 16 Case Management Conference and the Court's Order Governing Proceedings ("OGP"), the parties have conferred on a proposed scheduling order.

The parties agree on a case schedule through the *Markman* hearing in this matter, which is scheduled for April 29-30, 2021. The parties have agreed that, for the purposes of claim construction, the asserted patents will be separated into the following four groups (identified by case number):

Group 1: Case Nos. -480, -481, -485, -486

Group 2: Case Nos. -473, -478

Group 3:  Case Nos. -477, -482

Group 4:  Case Nos. -474, -475, -476, -479

Subject to approval of the Court, the presumed *Markman* claim term limits and other *Markman* restrictions will apply separately for each of these four groups.  The parties have not yet exchanged proposed terms for construction, and therefore either party may seek leave to modify those limits if necessary.  Subject to approval of the Court, the parties have agreed that oral argument on each group will be heard during a session in the two days scheduled for the *Markman* hearing.

The parties disagree on the following two issues: (1) whether a post-*Markman* schedule and trial date should be entered at this time; and (2) discovery limits.

As such, and pursuant to the OGP, the Parties set forth their competing positions on a post-*Markman* schedule for the cases referenced above. Plaintiff's Proposed Scheduling order is attached as **Exhibit A**.  Defendants' Proposed Scheduling Order is attached as **Exhibit B**.  The only difference between the parties' respective proposed scheduling orders is that Defendants' Proposed Scheduling Order does not propose any post-*Markman* dates.

**Plaintiffs' Positions:**

**Post-*Markman* Schedule and Trial Date.**  Plaintiff has agreed to use the Court's default schedule set forth in this Court's Order Governing Proceedings, which is fair. Plaintiff has also agreed to accommodate slight adjustments to the default schedule to consider deadlines falling around holidays. *See* Plaintiff's Exhibit C, which tracks the default deadline versus each party's proposal.  As seen, Plaintiff's proposal closely tracks the Court's default. *Far North Patents, LLC v. NXP USA, Inc.,* 1-20-cv-00397 (WDTX) (8/1/2020 text-only docket entry) ("After careful review, the Court adopts Plaintiff's version given that it more closely tracts the Court's default schedule and Defendants have not provided sufficient reasons to depart from that.").

Defendants first proposal is to avoid entry of a schedule post *Markman*. This approach has already been rejected by the Court in *WSOU Investments LLC v. Huawei Technologies Co, Ltd et al.*, Case Nos. 6:20-cv-533 through -544.  Such a delay tactic is designed to enhance Defendants' likely pending IPR challenge. In particular, the Patent Trial and Appeals Board considers the relative trial schedule against the IPR schedule when determining whether to institute trial. *See e.g., NHK Spring Co., Ltd. v. Intri-plex Technologies*, IPR2018-00752, Paper No. 8 (P.T.A.B. Sept. 12, 2018)(precedential)(the Board denied institution under § 314(a) where the parallel district court proceeding was scheduled to finish six months before the Board would have reached a final decision in an IPR if one were instituted) and *Apple Inc. v. Fintiv, Inc.*, IPR2020-00019, Paper 11 at 2–3 (PTAB Mar. 20, 2020) (informative) ("*NHK* applies to the situation where the district court has set a trial date to occur earlier than the Board's deadline to issue a final written decision in an instituted proceeding."). Without the existence of a trial schedule, the Defendants would be allowed to argue to the PTAB that there is no trial scheduled and that the IPR should proceed accordingly.

Defendants second alternative proposal is to delay the default trial schedule by about a month.  On October 19, 2020, the Court informed the parties that the estimated trial date based on the accepted Markman dates is May 2, 2022.  Defendants now seeks to push that date back even further – at least into June 2022. However, Defendant has not provided a sufficient reason to do so.  Ironically, while Defendants want to argue the cases are complex and need the extra time, Defendant argues that discovery in those same complex cases should be severely limited as noted below.  In any event, there is no good reason to artificially extend the trial date by a month.

**Discovery Limits.**  On discovery limits, Plaintiff has agreed to the same agreements made between the parties in *WSOU Investments LLC v. Huawei Technologies Co, Ltd et al.*, Case Nos.

6:20-cv-533 through -544 ("WSOU Huawei Case"), which involves eleven different patents compared to twelve different patents here. *See* e.g., Dkt. 29-3 in Case No. 6:20-cv—533, which is quoted below.

> **Interrogatories**: 8 common interrogatories per side (which can be used across all of the twelve cases above) and 12 case-specific interrogatories (which can be used only for that specific case);

> **Requests for Admission**: 10 common RFAs (which can be used across all of the twelve cases above) and 20 case-specific RFAs (which can be used only for that specific case);

> **Requests for Production**: 10 common RFPs (which can be used across all of the twelve cases above) and 35 case-specific RFPs (which can be used only for that specific case);

> **Fact (Party) Depositions**: 10 common hours per side (which can be used across all of the twelve cases above) and 21 case-specific hours (which can be used only for that specific case);

> **Fact (Third-Party) Depositions**: 21 case-specific hours (which can be used only for that specific case);

> **Expert Depositions**: 7 hours per expert/per report (unless the expert is opining in numerous cases, in which case expert depositions are limited to 7 hours per expert/per report for the first case, and 4 additional hours for each additional case in which the expert provides a report).

Contrary to Defendants' assertions, the discovery limitation in the WSOU Huawei Case provide discovery limits *less than* both the default amount allowed by the Federal Rules and the default amount provided for in the OGP, which are as follows:

1. Interrogatories: 30 per side
2. Requests for Admission: 45 per side
3. Requests for Production: 75 per side
4. Fact Depositions: 70 hours per side (for both party and non-party witnesses combined)
5. Expert Depositions: 7 hours per report

Defendants have acknowledged that the twelve patents in the case are unrelated. Yet, Defendants proposal wants to treat them not only as if they were related technology-wise, but also "family" related. In particular, Defendant proposes the following limits:

**Interrogatories**: 2.5 interrogatories per case.

**Requests for Admission**: 6.25 requests for admission per case (excluding authenticity).

**Requests for Production**: 6.25 requests for production per case.

**Fact (Party and Non-Party) Depositions**: 10 hours per case (5 hours, respectively, for third party and parties) where a deposition counts for no less than 3 hours.

**Expert Depositions**: If same expert is used across cases, 1.75 hours of deposition per case.

Defendants' proposed limits are undeniably workable – given differing issue of infringement and damages that Plaintiff must prove for each of cases.

**Ownership of the Asserted Patents.**   While Defendant wants the parties to include positions on such an item, there is nothing to present to the Court. Other than discussing foreign discovery at the Case-Management conference, the parties have not discussed such an item prior to Defendants introduction of this item today in drafts of this joint submission.

**Defendants' Positions:**

**Post-*Markman* Schedule and Trial Date.**   Defendants Dell Technologies Inc., Dell Inc., EMC Corporation, and VMware, Inc. (collectively, "Defendants") respectfully submit that a case schedule only through the April 29-30, 2021 *Markman* hearing date should be entered at this time. Setting a trial date and entering a post-*Markman* schedule at this early stage of the case would be premature, particularly given the twelve unrelated patents asserted in these cases and Plaintiff's concession at the October 21, 2020 case management conference that it expects at least some of the patents to "fall out" of the case for various reasons.   10/21/20 Scheduling Conference Tr. 27:17–24.   In addition, Plaintiff's preliminary infringement contentions are entirely deficient (which is the subject of ongoing correspondence between the parties), and Defendants therefore

cannot reasonably determine what Plaintiff's infringement theories are and whether they raise any associated claim construction issues.

Accordingly, the parties and the Court will be in a much better position to assess the scope of the issues in this litigation and determine an appropriate schedule after the Court makes its *Markman* rulings at the end of April. Defendants believe it would be more efficient to determine the post-*Markman* schedule and trial date at that time, when there more likely will be fewer unknowns than there are now. Plaintiff contends that the Court has "rejected" such an approach in Plaintiff's litigation against Huawei. *See WSOU Investments LLC v. Huawei Technologies Co, Ltd et al.*, Case Nos. 6:20-cv-533 through -544 (W.D. Tex.). Defendants, however, are not aware that this particular issue was ever raised and rejected by the Court in those cases. Instead, it is Defendants' understanding that the parties in those cases actually *agreed* to a post-*Markman* schedule—which is not the case here, and not appropriate for the reasons that Defendants have explained. *See, e.g.*, Case No. 6:20-cv-533, D.I. 33 (W.D. Tex.) (Joint Motion to Enter Scheduling Order).

If, however, the Court decides that a post-*Markman* schedule should be entered now, Defendants respectfully request that the Court set a June 2022 date for the first trial in these related cases, in view of the number of patents and issue that may be tried. That date is in generally in line with the Court's norms, with only a slight adjustment to take account of the complexities of this case. If the Court orders a trial date now, Defendants propose that they work with Plaintiff on a post-*Markman* schedule that is appropriate for the scope of the issues in the case and that avoids scheduling complications due to holidays. The OGP's default timelines unfortunately would not meet those goals in this particular case, and would require some small adjustments.

**Discovery Limits.**  Defendants propose the following discovery limits, which reasonably align with the default limits set forth in the OGP, taking into account the size and scope of these related cases:

*Interrogatories*:  30 total per side.

*Requests for Admission*:  75 total per side, excluding those regarding public availability and authenticity.

*Requests for Production*:  75 total per side.

*Fact Depositions*:  120 total hours per side.  Of those 120 hours, there can be no more than 60 hours of depositions of party witnesses.  Each deposition counts for a minimum of 3 hours. Any translated depositions will count for half the time.

*Expert Depositions*:  7 hours per expert report, and 2 hours per expert for each additional report.  No expert can be deposed for more than a total of 21 hours.

These proposed limits balance the needs of the case against the desire to impose reasonable constraints on the parties in their discovery requests.  Of course, if there is a particular need to exceed these limits Defendants will work with Plaintiff in good faith to resolve any disputes. Finally, Plaintiff's suggestion that these twelve cases will be completely unrelated for purposes of discovery simply because the twelve asserted patents are not related is misleading.  Defendants expect that there undoubtedly will be some overlap in discovery and witnesses across these cases. And Defendants' proposals account for that likely overlap in discovery.

In contrast, Plaintiff seeks to take advantage of its strategic decision to file 12 separate cases, one for each of the twelve asserted patents, and demands hundreds of discovery requests and hundreds of hours of fact and expert depositions per side, specifically:

152 interrogatories;

250 requests for admission;

430 requests for production;

514 fact deposition hours (including party and third-party depositions); and

up to 51 expert deposition hours per expert.

Plaintiff's proposals unreasonably and grossly expand the scope of discovery contemplated by the OGP and the Federal Rules of Civil Procedure, and should be rejected.

**Ownership of the Asserted Patents.**   The majority of the cases in this litigation are re-filings of allegations from cases that Plaintiff previously filed and unilaterally dismissed. *Compare* Case Nos. 20-cv-473, -474, -475, -476, -477, -478, -479, -480, -481, -482, -485, and -486, *with* Case Nos. 20-cv-403, -404, -406, -407, -408, -409, -410, -412, -417, and -418, respectively.   Plaintiff has not explained the reason for these dismissals and re-filings. Defendants intend to work with Plaintiff to obtain information, such as agreements, concerning the ownership or control of the asserted patents that may have a bearing on the subject matter jurisdiction due to standing.  If a dispute as to this information arises, Defendants expect that they may need to request the Court's intervention.

Dated:  November 4, 2020

By:   */s/ Ryan S. Loveless*
      /s/ James L. Etheridge
      James L. Etheridge
      Texas State Bar No. 24059147
      Ryan S. Loveless
      Texas State Bar No. 24036997
      Travis L. Richins
      Texas State Bar No. 24061296

      **ETHERIDGE LAW GROUP, PLLC**
      2600 E. Southlake Blvd., Suite 120 / 324
      Southlake, Texas 76092
      Telephone: (817) 470-7249
      Facsimile: (817) 887-5950
      Jim@EtheridgeLaw.com
      Ryan@EtheridgeLaw.com
      Travis@EtheridgeLaw.com

      Mark D. Siegmund
      State Bar No. 24117055
      mark@waltfairpllc.com
      Law Firm of Walt, Fair PLLC.
      1508 North Valley Mills Drive
      Waco, Texas 76710
      Telephone: (254) 772-6400
      Facsimile: (254) 772-6432

      *Attorneys for Plaintiff*

By:   */s/ Barry K. Shelton*
      Barry K. Shelton
      Texas State Bar No. 24055029
      bshelton@sheltoncoburn.com
      **SHELTON COBURN LLP**
      311 RR 620, Suite 205
      Austin, TX  78734-4775
      Telephone:  512.263.2165
      Facsimile:  512.263.2166

      Benjamin Hershkowitz
      bhershkowitz@gibsondunn.com
      Brian A. Rosenthal
      brosenthal@gibsondunn.com
      Allen Kathir
      akathir@gibsondunn.com
      Kyanna Sabanoglu
      ksabanoglu@gibsondunn.com
      **GIBSON, DUNN & CRUTCHER LLP**
      200 Park Avenue
      New York, NY  10166-0193
      Telephone:  212.351.4000
      Facsimile:  212.351.4035

      Y. Ernest Hsin
      ehsin@gibsondunn.com
      Jaysen S. Chung
      jschung@gibsondunn.com
      **GIBSON, DUNN & CRUTCHER LLP**
      555 Mission Street, Suite 3000
      San Francisco, CA  94105-0921
      Telephone:  415.393.8200
      Facsimile:  415.393.8306

      Ryan K. Iwahashi
      riwahashi@gibsondunn.com
      **GIBSON, DUNN & CRUTCHER LLP**
      1881 Page Mill Road
      Palo Alto, CA  94304-1211
      Telephone:  650.849.5300
      Facsimile:  650.849.5333

      *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on November 4, 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(b)(1).

*/s/ Barry K. Shelton*
Barry K. Shelton

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | § § § | CIVIL ACTION 6:20-cv-00473-486-ADA |
| *Plaintiff*, | § | |
| v. | § § | |
| DELL TECHNOLOGIES INC. ET AL, | § § | |
| *Defendants*. | § | |

**PLAINTIFF'S [DRAFT] SCHEDULING ORDER**

| Date | Item |
|---|---|
| **October 21, 2020** | Case Management Conference |
| **November 4, 2020** | Deadline for Motions to Transfer |
| **December 9, 2020** | Defendant serves preliminary[1] invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101.  Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the two years preceding the filing of the Complaint, unless the parties agree to some other timeframe. |
| **January 6, 2021** | Parties exchange claim terms for construction. |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material.  Any amendment to add claims requires leave of court so that the Court can address any scheduling issues.

| Date | Item |
|------|------|
| **January 20, 2021** | Parties exchange proposed claim constructions. |
| **January 27, 2021** | Parties disclose extrinsic evidence.  Parties disclose extrinsic evidence.  The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness.  With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2]  With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| **February 3, 2021** | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| **February 17, 2021** | Plaintiff files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| **March 17, 2021** | Defendant files Responsive claim construction brief. |
| **March 31, 2021** | Plaintiff files Reply claim construction brief. |
| **April 14, 2021** | Defendant files Sur-Reply claim construction brief. |
| **April 19, 2021** | Parties submit Joint Claim Construction Statement and provide copies of briefs to the Court.

See General Issues Note #8 regarding providing copies of the briefing to the Court and the technical adviser (if appointed) |
| **April 21, 2021** | Parties submit option technical tutorials to the Court and technical advisor (if appointed). |
| **April 29-30, 2021** | *Markman* hearing at 9:00 a.m. |
| **May 3, 2021** | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| **June 11, 2021** | Deadline to add parties. |

---

[2]Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

| Date | Item |
|---|---|
| **June 25, 2021** | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement o Invalidity contentions. This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| **August 20, 2021** | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| **October 29, 2021** | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| **December 3, 2021** | Close of Fact Discovery. |
| **December 10, 2022** | Opening Expert Reports. |
| **January 6, 2022** (35 weeks after *Markman*) | Rebuttal Expert Reports. |
| **January 28, 2022** (38 weeks after *Markman*) | Close of Expert Discovery. |
| **January 31, 2022** (39 weeks after *Markman*) | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| **February 4, 2022** (40 weeks after *Markman*) | Dispositive motion deadline and *Daubert* motion deadline.<br><br>See General Issues Note #8 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| **February 18, 2022** (42 weeks after *Markman*) | Serve Pretrial Disclosures (jury instructions, exhibit lists, witness lists, discovery and deposition designations). |
| **March 4, 2022** (44 weeks after *Markman*) | Serve objections to pretrial disclosures/rebuttal disclosures. |
| **March 11, 2022** (45 weeks after *Markman*) | Serve objections to rebuttal disclosures and file motions *in limine*. |

| Date | Item |
|---|---|
| | |
| **March 18, 2022** (46 weeks after *Markman*) | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibit lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine*. |
| **March 25, 2022** (47 weeks after *Markman*) | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com. Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| **April 5, 2022** (3 business days before Final Pretrial Conference) | File joint notice identifying remaining objections to pretrial disclosures and disputes on motion *in limine*. |
| **April 8, 2022** (49 weeks after *Markman*) | Final Pretrial Conference. The Court expects to set this date at the conclusion of the Markman Hearing. |
| **May 2, 2022** (52 weeks after *Markman*) | Jury Selection/Trial. The Court expects to set this date at the conclusion of the Markman Hearing. |

SIGNED this _____ day of _____, 2020

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | § § § | CIVIL ACTION 6:20-cv-00473-486-ADA |
| *Plaintiff,* | § | |
| **v.** | § | |
| | § | |
| **DELL TECHNOLOGIES INC. ET AL,** | § § | |
| *Defendants.* | § | |

**DEFENDANTS' [DRAFT] SCHEDULING ORDER**

| Date | Item |
|---|---|
| **October 21, 2020** | Case Management Conference |
| **November 4, 2020** | Deadline for Motions to Transfer |
| **December 9, 2020** | Defendant serves preliminary[1] invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101.  Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the two years preceding the filing of the Complaint, unless the parties agree to some other timeframe. |
| **January 6, 2021** | Parties exchange claim terms for construction. |
| **January 20, 2021** | Parties exchange proposed claim constructions. |

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material.  Any amendment to add claims requires leave of court so that the Court can address any scheduling issues.

| January 27, 2021 | Parties disclose extrinsic evidence.  Parties disclose extrinsic evidence.  The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness.  With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2]  With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| --- | --- |
| February 3, 2021 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| February 17, 2021 | Plaintiff files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| March 17, 2021 | Defendant files Responsive claim construction brief. |
| March 31, 2021 | Plaintiff files Reply claim construction brief. |
| April 14, 2021 | Defendant files Sur-Reply claim construction brief. |
| April 19, 2021 | Parties submit Joint Claim Construction Statement and provide copies of briefs to the Court.<br><br>See General Issues Note #8 regarding providing copies of the briefing to the Court and the technical adviser (if appointed) |
| April 21, 2021 | Parties submit option technical tutorials to the Court and technical advisor (if appointed). |
| April 29-30, 2021 | *Markman* hearing at 9:00 a.m. |

SIGNED this _____ day of _____, 2020

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

---

[2]Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

# Exhibit C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A | § | |
| BRAZOS LICENSING AND | § | CIVIL ACTION 6:20-cv-00473-486-ADA |
| DEVELOPMENT, | § | |
| *Plaintiff,* | § | |
| **v.** | § | |
| | § | |
| **DELL TECHNOLOGIES INC. ET** | § | |
| **AL,** | § | |
| *Defendants.* | § | |

**Plaintiff's Proposal as Compared to OGP**

| OGP 3.2 | WSOU Proposal | Item |
|---|---|---|
| October 21, 2020 | October 21, 2020 | Case Management Conference |
| November 4, 2020 | November 4, 2020 | Deadline for Motions to Transfer |
| December 9, 2020 | December 9, 2020 | Defendant serves preliminary[3] invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101.  Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the two years preceding the filing of the Complaint, unless the parties agree to some other timeframe. |

---

[3] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material.  Any amendment to add claims requires leave of court so that the Court can address any scheduling issues.

| OGP 3.2 | WSOU Proposal | Item |
|---|---|---|
| | | |
| December 23, 2020 | January 6, 2021 | Parties exchange claim terms for construction. |
| January 6, 2021 | January 20, 2021 | Parties exchange proposed claim constructions. |
| January 13, 2021 | January 27, 2021 | Parties disclose extrinsic evidence.  Parties disclose extrinsic evidence.  The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness.  With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[4]  With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| January 20, 2021 | February 3, 2021 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| January 27, 2021 | February 17, 2021 | Plaintiff files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| N/A | N/A | The parties shall disclose the identity of any rebuttal expert witness they may rely upon in their response brief with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony. |
| February 17, 2021 | March 17, 2021 | Defendant files Responsive claim construction brief. |
| March 3, 2021 | March 31, 2021 | Plaintiff files Reply claim construction brief. |
| March 17, 2021 | April 14, 2021 | Defendant files Sur-Reply claim construction brief. |
| March 22, 2021 | April 19, 2021 | Parties submit Joint Claim Construction Statement and provide copies of briefs to the Court. |

---

[4]Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

| OGP 3.2 | WSOU Proposal | Item |
|---|---|---|
| | | See General Issues Note #8 regarding providing copies of the briefing to the Court and the technical adviser (if appointed) |
| April 21, 2021 | April 21, 2021 | Parties submit option technical tutorials to the Court and technical advisor (if appointed). |
| April 29-30, 2021 | April 29-30, 2021 | *Markman* hearing at 9:00 a.m. |
| May 3, 2021 | May 3, 2021 | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| June 11, 2021 | June 11, 2021 | Deadline to add parties. |
| June 25, 2021 | June 25, 2021 | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement o Invalidity contentions. This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| August 20, 2021 | August 20, 2021 | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| October 29, 2021 | October 29, 2021 | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| November26, 2021 | December 3, 2021 | Close of Fact Discovery. |
| December 3, 2021 | December 10, 2022 | Opening Expert Reports. |
| December 31, 2021 | January 6, 2022 | Rebuttal Expert Reports. |
| January 21, 2022 | January 28, 2022 | Close of Expert Discovery. |

| OGP 3.2 | WSOU Proposal | Item |
|---|---|---|
| | | |
| January 28, 2022 | January 31, 2022 | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| February 4, 2022 | February 4, 2022 | Dispositive motion deadline and *Daubert* motion deadline.<br><br>See General Issues Note #8 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| February 18, 2022 | February 18, 2022 | Serve Pretrial Disclosures (jury instructions, exhibit lists, witness lists, discovery and deposition designations). |
| March 4, 2022 | March 4, 2022 | Serve objections to pretrial disclosures/rebuttal disclosures. |
| March 11, 2022 | March 11, 2022 | Serve objections to rebuttal disclosures and file motions *in limine*. |
| March 18, 2022 | March 18, 2022 | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibit lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine*. |
| March 25, 2022 | March 25, 2022 | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com.<br><br>Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| April 5, 2022 | April 5, 2022 | File joint notice identifying remaining objections to pretrial disclosures and disputes on motion *in limine*. |

| OGP 3.2 | WSOU Proposal | Item |
|---|---|---|
| **April 8, 2022** | **April 8, 2022** | Final Pretrial Conference. The Court expects to set this date at the conclusion of the Markman Hearing. |
| **April 29, 2022** | **May 2, 2022** | Jury Selection/Trial. The Court expects to set this date at the conclusion of the Markman Hearing. |