# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC.,<br><br>　　　　Defendants. | Case No. 6:20-cv-00473-ADA<br>Case No. 6:20-cv-00474-ADA<br>Case No. 6:20-cv-00475-ADA<br>Case No. 6:20-cv-00476-ADA<br>Case No. 6:20-cv-00477-ADA<br>Case No. 6:20-cv-00478-ADA<br>Case No. 6:20-cv-00479-ADA<br>Case No. 6:20-cv-00480-ADA<br>Case No. 6:20-cv-00481-ADA<br>Case No. 6:20-cv-00482-ADA<br>Case No. 6:20-cv-00485-ADA<br>Case No. 6:20-cv-00486-ADA<br><br>**JURY TRIAL DEMANDED** |

## SCHEDULING ORDER

| Date | Item |
|---|---|
| **October 21, 2020** | Case Management Conference |
| **November 4, 2020** | Deadline for Motions to Transfer |
| **December 9, 2020** | Defendant serves preliminary[1] invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101.  Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material.  Any amendment to add claims requires leave of court so that the Court can address any scheduling issues.

| Date | Item |
|---|---|
| | product(s) for the two years preceding the filing of the Complaint, unless the parties agree to some other timeframe. |
| **January 6, 2021** | Parties exchange claim terms for construction. |
| **January 20, 2021** | Parties exchange proposed claim constructions. |
| **January 27, 2021** | Parties disclose extrinsic evidence.  Parties disclose extrinsic evidence.  The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness.  With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2]  With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| **February 3, 2021** | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| **February 17, 2021** | Plaintiff files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| **March 17, 2021** | Defendant files Responsive claim construction brief. |
| **March 31, 2021** | Plaintiff files Reply claim construction brief. |
| **April 14, 2021** | Defendant files Sur-Reply claim construction brief. |
| **April 19, 2021** | Parties submit Joint Claim Construction Statement and provide copies of briefs to the Court.  See General Issues Note #8 regarding providing copies of the briefing to the Court and the technical adviser (if appointed) |
| **April 21, 2021** | Parties submit option technical tutorials to the Court and technical advisor (if appointed). |
| **April 29-30, 2021** | *Markman* hearing at 9:00 a.m. |
| **May 3, 2021** | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |

---

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

| Date | Item |
|---|---|
| | |
| **June 11, 2021** | Deadline to add parties. |
| **June 25, 2021** | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement o Invalidity contentions. This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| **August 20, 2021** | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| **October 29, 2021** | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| **December 10, 2021** | Close of Fact Discovery. |
| **December 22, 2021** | Opening Expert Reports. |
| **January 26, 2022** | Rebuttal Expert Reports. |
| **February 18, 2022** | Close of Expert Discovery. |
| **February 18, 2022** (39 weeks after *Markman*) | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| **February 25, 2022** (40 weeks after *Markman*) | Dispositive motion deadline and *Daubert* motion deadline.<br><br>See General Issues Note #8 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| **March 11, 2022** (42 weeks after *Markman*) | Serve Pretrial Disclosures (jury instructions, exhibit lists, witness lists, discovery and deposition designations). |
| **March 25, 2022** | Serve objections to pretrial disclosures/rebuttal disclosures. |

| Date | Item |
|---|---|
| (44 weeks after *Markman*) | |
| **April 1, 2022** (45 weeks after *Markman*) | Serve objections to rebuttal disclosures and file motions *in limine*. |
| **April 8, 2022** (46 weeks after *Markman*) | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibit lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine*. |
| **April 15, 2022** (47 weeks after *Markman*) | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com. Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| **April 19, 2022** (3 business days before Final Pretrial Conference) | File joint notice identifying remaining objections to pretrial disclosures and disputes on motion *in limine*. |
| **April 22, 2022** (49 weeks after *Markman*) | Final Pretrial Conference. The Court expects to set this date at the conclusion of the Markman Hearing. |
| **May 2, 2022** (52 weeks after *Markman*) | Jury Selection/Trial. The Court expects to set this date at the conclusion of the Markman Hearing. |

SIGNED this __17th__ day of __November__, 2020

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE