# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | § § § § § | |
| Plaintiff, | § § | CIVIL ACTION 6:20-CV-00476-ADA |
| v. | § § § § | PATENT CASE |
| | § § § | JURY TRIAL DEMANDED |
| DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION, | § § § § | |
| Defendants. | § | |

## MOTION TO QUSH SUBPOENAS AND MOTION FOR PROTECTIVE ORDER

Pursuant to Federal Rules 26(c) and 45(d), non-party William J. Tucker and Plaintiff WSOU Investments, LLC ("WSOU") herby move to quash the subpoena issued by Defendants Dell Technologies, Inc., Dell Inc., and EMC Corporation (collectively, "Defendants") against Mr. Tucker.

## BACKGROUND

On May 27, 2021 Defendants issued 22 subpoenas in the above-referenced cases, seeking documents and depositions from 14 non-parties, including Mr. Tucker. On June 4, 2021, Defendants issued two additional subpoenas. Each of the 24 subpoenas purports to set a deposition for the same date and time – June 25, 2021 at 9:00 a.m. None of the subpoenas state the place where the deposition will occur, stating only "Place of Deposition to be determined." Because the subpoenas do not state a place and do not include a time zone (stating only that the depositions will begin *somewhere* at 9:00 a.m.), the subpoenas fail to specify a time and place for compliance.

Dell served the notices of subpoenas through ECF, filing 54 documents (including 33

duplicates) to serve 24 notices of subpoena.[1] After comparing the filed notices and removing duplicates, WSOU wrote to Dell on June 3, 2021, listing the subpoenas and asking that Dell confirm the list was accurate. Dell did not respond. In objections served by Mr. Tucker on June 10, 2021, Mr. Tucker explained that he has no responsive documents other than: (1) privileged attorney-client communications; and (2) copies of documents obtained from the Public PAIR. Following service of the objections, Dell made no effort to reach out to Mr. Tucker's counsel.

On June 14, 2021, WSOU followed up again, asking that Dell confirm that (1) the list of subpoenas in WSOU's June 3, 2021 email was accurate and (2) to the extent any depositions go forward, it would cooperate on scheduling to ensure that all parties are able to attend each deposition. Dell did not respond. On June 22, 2021, counsel for WSOU and Mr. Tucker followed up with Dell again by phone and by email, requesting that Dell withdraw its subpoenas or extend the deadline to comply or move to quash. Dell finally responded and confirmed that it would not move forward with any depositions on June 25, but Dell refused to withdraw its subpoenas.

## ARGUMENT AND AUTHORITIES

Under Rule 45, a subpoena must command each person to whom it is directed to attend and testify "at a specified time and place." Fed. R. Civ. P. 45 (a)(1)(A)(iii). A subpoena that commands a non-party to attend a deposition must state a place of compliance that is "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45 (c)(iii). "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3).

---

[1] Most of the subpoenas are issued in more than one of the cases captioned above. This, combined with Dell's curious decision to serve the notices of subpoena by ECF rather than by email, resulted in the service of 33 duplicates. Because the documents filed by ECF did not contain the name of the non-party in the file, it was necessary to manually sift through Dell's subpoenas to remove duplicates.

Here, all of Dell's subpoenas fail to specify a time and place for the deposition. Each subpoena lists "Location of deposition to be determined" and states "06/25/2021 9:00 a.m." as the date and time of the deposition. Further, because the subpoenas contain neither a location nor a time zone, it is impossible to determine from the face of the deposition where or when a witness should appear. Further, because the subpoenas do not specify a place, they fail to comply with Rule 45(c) by commanding attendance at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person.

These defects, alone, render Dells subpoenas unenforceable. Further, Dell's subpoenas should be stricken or quashed because they are overly broad and unduly burdensome. For example, Mr. Tucker drafted the '435 patent as outside counsel for Alcatel *eighteen years ago*, in 2003. He has no recollection of any information responsive to the topics in Dell's subpoena and has no documents other than (1) privileged attorney-client communications; and (2) copies of documents obtained from the Public PAIR. He should not be burdened with a deposition, which will only waste his and the parties' time.

For the foregoing reasons, WSOU and the William J. Tucker respectfully request that the subpoena against Mr. Tucker be stricken or quashed pursuant to Rules 26 and 45.

Dated: June 25, 2021				Respectfully submitted,

				*/s/ Travis Richins*
				James L. Etheridge
				Texas State Bar No. 24059147
				Ryan S. Loveless
				Texas State Bar No. 24036997
				Brett A. Mangrum
				Texas State Bar No. 24065671
				Travis Lee Richins
				Texas State Bar No. 24061296
				ETHERIDGE LAW GROUP, PLLC
				2600 E. Southlake Blvd., Suite 120 / 324
				Southlake, Texas 76092
				Telephone: (817) 470-7249
				Facsimile: (817) 887-5950
				Jim@EtheridgeLaw.com
				Ryan@EtheridgeLaw.com
				Brett@EtheridgeLaw.com
				Travis@EtheridgeLaw.com

				Mark D. Siegmund
				State Bar No. 24117055
				mark@waltfairpllc.com
				Law Firm of Walt, Fair PLLC.
				1508 North Valley Mills Drive
				Waco, Texas 76710
				Telephone: (254) 772-6400
				Facsimile: (254) 772-6432

				**ATTORNEYS FOR WSOU AND NON-PARTY WILLIAM J. TUCKER**

## CERTIFICATE OF SERVICE

I certify that on June 25, 2021 the foregoing document was served upon all counsel of record via the court's electronic filing system in accordance with the Federal Rules of Civil Procedure.

				*/s/ Travis Lee Richins*
				Tavis Richins

## **CERTIFICATE OF CONFERENCE**

I certify that counsel for WSOU and Mr. Tucker, conferred with WSOU by phone and email on June 22, 2021. Dell opposes the relief requested in this motion.

*/s/ Travis Lee Richins*
Tavis Richins