IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,**<br><br>*Plaintiff,*<br><br>v.<br><br>**DELL TECHNOLOGIES INC., DELL INC., AND VMWARE, INC.,**<br><br>*Defendants.* | Civil Action No.: 6:20-cv-00473-ADA<br>Civil Action No.: 6:20-cv-00476-ADA<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE
UNDER RULE 41(a)(2) OR IN THE ALTERNATIVE TO STAY**

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. PROCEDURAL HISTORY............................................................................................ 1

    A. District Court ...................................................................................................... 1

    B. Patent Office Proceedings................................................................................... 2

III. LEGAL STANDARD .................................................................................................... 3

    A. Motion to Dismiss............................................................................................... 3

    B. Motion to Stay.................................................................................................... 3

IV. ARGUMENT.................................................................................................................. 4

    A. Dismissal Under Rule 41(a)(2) Should Be Granted ............................................... 4

        1. Defendants Will Not Be Prejudiced............................................................... 4

        2. There Is No Basis For Further Conditions To Be Imposed ......................... 5

    B. A Stay Should Be Granted in the Alternative........................................................... 6

        1. A Stay Will Simplify The Issues ................................................................... 7

        2. A Stay Will Not Prejudice Defendant.......................................................... 8

        3. A Considerable Amount of Discovery and Motion Practice By Both Parties Remains Incomplete...................................................................... 9

V. CONCLUSION............................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*AGIS Software Dev. LLC v. Google LLC*,
　No. 2:19-CV-00359-JRG, 2021 WL 465424 (E.D. Tex. Feb. 9, 2021) ....................................4

*Alps South, LLC v. Ohio Willow Wood Co.*,
　No. 8:09-CV-386-T-EAK, 2011 WL 899627 (M.D. Fla. Mar. 15, 2011)................................8

*Bryant v. Wells Fargo Bank, N.A.*,
　No. 3:17-CV-3121-C (BT), 2018 WL 4290791 (N.D. Tex. Aug. 23, 2018)............................4

*Clinton v. Jones*,
　520 U.S. 681 (1997)................................................................................................................3

*Cuozzo Speed Techs., LLC v. Lee*,
　579 U.S. 261 (2016)................................................................................................................6

*United States ex rel. Doe v. Dow Chem. Co.*,
　343 F.3d 325 (5th Cir. 2003) ..................................................................................................4

*e-Watch, Inc. v. ACTi Corp., Inc.*,
　No. SA-12-CA-695-FB, 2013 WL 6334372 (W.D. Tex. Aug. 9, 2013) ..................................9

*e-Watch, Inc. v. Mobotix, Inc.*,
　No. SA-12-CA-492-FB, 2014 WL 12493353 (W.D. Tex. Dec. 23, 2014)...............................5

*EchoStar Techs. Corp. v. TiVo, Inc.*,
　No. 5:05–cv–81, 2006 WL 2501494 (E.D. Tex. July 14, 2006)..........................................4, 8

*Elbaor v. Tripath Imaging, Inc.*,
　279 F.3d 314 (5th Cir. 2002) ..................................................................................................3

*In re EMC Corp.*,
　501 Fed. Appx. 973 (Fed. Cir. 2013).......................................................................................9

*Garfum.com Corp. v. Reflections by Ruth*,
　No. 14-5919, 2016 WL 7325467 (D.N.J. 2016) .....................................................................6

*Gendke v. Wells Fargo Bank, N.A.*,
　No. CIV.A. H-12-1455, 2013 WL 4017140 (S.D. Tex. Aug. 6, 2013) ...................................5

*Huml v. CitiMortgage, Inc.*,
　No. EP-12-CV-00245-DCG, 2012 WL 13028621 (W.D. Tex. Nov. 13, 2012) .......................3

*Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*,
    No. 6:20-CV-00317-ADA, 2021 WL 4555610 (W.D. Tex. Oct. 5, 2021)...............................7

*Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*,
    No. 6:20-CV-00318-ADA, 2021 WL 4555804 (W.D. Tex. Oct. 4, 2021)...............................9

*LeCompte v. Mr. Chip, Inc.*,
    528 F.2d 601 (5th Cir. 1976) .................................................................................................3

*McNeil-PPC, Inc. v. L. Perrigo Co.*,
    337 F.3d 1362 (Fed. Cir. 2003)..........................................................................................5, 6

*Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*,
    No. 6:18-CV- 00207-ADA, 2019 WL 11706231 (W.D. Tex. May 30, 2019) ........................4

*Network Appliance, Inc. v. Sun Microsystems Inc.*,
    No. C-07-06053 EDL, 2010 WL 545855 (N.D. Cal. Feb. 11, 2010) ......................................8

*NFC Tech. LLC v. HTC Am., Inc.*,
    No. 2:13-cv-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015)..............................4, 7

*Norman IP Holdings, LLC v. TP-Link Techs., Co.*,
    No. 6:13-cv-384- JDL, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014)......................................9

*Performance Sols. LLC v. Sea Ties*, LLC,
    No. CV 20-797-SDD-RLB, 2022 WL 501389 (M.D. La. Feb. 18, 2022)...............................7

*Q-Pharma, Inc. v. Andrew Jergens Co.*,
    360 F.3d 1295 (Fed. Cir. 2004)...............................................................................................6

*Versata Software, Inc. v. Callidus Software, Inc.*,
    771 F.3d 1368 (Fed. Cir. 2014)...............................................................................................8

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014)...............................................................................................7

*York v. Texas A&M Univ. 12th Man Found.*,
    No. 2:15-CV-352-JRG, 2015 WL 13306498 (E.D. Tex. Apr. 21, 2015) .................................4

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos" or "Plaintiff") respectfully submits this Opposed Motion to Dismiss Without Prejudice or in the Alternative to Stay District Court Proceedings Pending Resolution of *Ex Parte* Reexamination of the Asserted Patents (the "Motion").

## I. INTRODUCTION

Brazos initiated and pursued these cases because of Defendants' infringement of U.S. Patent No. 9,137,144 (the -473 action) (the "'144 patent") and U.S. Patent No. 7,565,435 (the -476 action) (the "'435 patent"). Long after Brazos brought these infringement actions (a year and a half for one action and two years for the other), Defendants filed *ex parte* reexaminations ("EPRs") on both patents, challenging their validity. At the time of this filing, both patents have been subject to final office actions rejecting all claims of each patent. However, each final office action is still subject to the PTAB appellate process.

Because the final office actions have issued but appellate rights remain, Brazos requested Defendants agree to a dismissal of these cases without prejudice, or in the alternative consent to a stay pending final resolution of the EPRs. Notably, Defendants themselves proposed this very relief just two months ago. Defendants will not suffer any legal prejudice from the dismissal or stay of these actions pending final resolution of the EPR appellate process, especially where a dismissal or stay is likely to streamline the case, conserve resources, and preserve judicial economy.

## II. PROCEDURAL HISTORY

### A. District Court

Brazos filed its original complaints in these actions alleging that Defendants infringe the '144 and '435 patents on June 2, 2020, and filed Amended Complaints on October 19, 2020. Dkts. 1. On March 23, 2022, Defendants filed their answer, which did not contain any counterclaims. On November 4, 2020, Defendants filed their Motions for Intra-District Transfer to

Austin, and subsequently moved on September 15, 2022 for a stay pending transfer. Dkts. 42. The Court denied Defendants' motion for transfer and for a stay. Dkts 236, 217. As it stands, expert discovery is scheduled to close on March 23, 2023 and the parties have not completed expert depositions. Dispositive motions are due April 27, 2023, and trial is set to begin on July 24, 2023. Dkt. 250, 228.

B.  **Patent Office Proceedings**

*'144 patent EPR:*  On December 15, 2021, Defendants filed a request for EPR of all of the asserted claims of the '144 patent. Ex. 1 ('144 EPR Request) at 1. On February 3, 2022, the examiner ordered reexamination of all of the '144 patent's claims. Ex. 2 ('144 EPR Grant Order) at 2. On July 28, 2022, the examiner issued a non-final office action rejecting all of the '144 patent's claims. Ex. 3 ('144 EPR Non-Final Office Action) at 1. On December 27, 2022, the examiner issued a final office action, rejecting all claims of the '144 patent. Ex. 4. On February 27, 2023 Plaintiff filed a response (Ex. 5) to the final office action will result in either (a) the examiner reconsidering/withdrawing the final rejection or (b) the reexamination being elevated to appeal before the PTAB.

*'435 patent EPR:*  On June 3, 2022, Defendants filed a request for EPR of six claims of the '435 patent, including all of the remaining asserted claims. Ex. 6 ('435 EPR Request) at 1. On July 5, 2022, the examiner ordered reexamination of all six requested claims. Ex. 7 ('435 EPR Grant Order) at 14. On February 28, 2023 the examiner issued a final office action, rejecting all claims of the '435 patent. Ex. 8. Plaintiff has until April 28, 2023 to file a response to the final office action.

On January 4, 2023, counsel for Defendants asked if Plaintiff would agree to dismiss the '144 patent case given the final office action rejecting all claims and stay the '435 patent case pending the issuance of a final office action. Ex. 9 (Email from Brian A. Rosenthal).

2

## III. LEGAL STANDARD

### A. Motion to Dismiss

The basic purpose of Rule 41(a)(2) is to *freely permit* the plaintiff, with court approval, to voluntarily dismiss an action so long as such dismissal does not prejudice the defendant. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976) ("[A] dismissal should be granted unless the defendant will suffer some legal harm."). If the non-movant will not suffer plain legal prejudice, then a motion under Rule 41(a)(2) should be "freely granted." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "Legal prejudice" in this context means "prejudice to some legal interest, some legal claim, [or] some legal argument." *Huml v. CitiMortgage, Inc.*, No. EP-12-CV-00245-DCG, 2012 WL 13028621, at *2 (W.D. Tex. Nov. 13, 2012). Absent some evidence of abuse by the movant, the district court should grant the motion. *Id.* If the court concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options: (1) it can deny the motion outright; or (2) it can craft certain conditions that will cure the prejudice to the defendant. *Elbaor*, 279 F.3d at 318. Courts may also consider other factors in determining whether to grant a Rule 41(a)(2) motion, such as (i) the defendant's effort and the expense involved in preparing for trial; (ii) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (iii) insufficient explanation of the need to take a dismissal; and (iv) the fact that a motion for summary judgment has been filed by the defendant. *Elbaor*, 279 F.3d at 317, fn 3. As shown below, all of these factors weigh in favor of granting Brazos's motion to dismiss, and without the attachment of any further conditions.

### B. Motion to Stay

A district court has the inherent power to control its own docket, including the power to stay proceedings before it. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he question whether to stay proceedings pending [USPTO or PTAB] review of a patent is a matter committed to the district

court's discretion." *Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*, No. 6:18-CV- 00207-ADA, 2019 WL 11706231, at *1 (W.D. Tex. May 30, 2019) (citation omitted). "In deciding whether to stay litigation pending reexamination, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *AGIS Software Dev. LLC v. Google LLC*, No. 2:19-CV-00359-JRG, 2021 WL 465424, at *2 (E.D. Tex. Feb. 9, 2021); *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (same). Based on those factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation. *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05–cv–81, 2006 WL 2501494 (E.D. Tex. July 14, 2006). A stay is particularly justified if, like here, "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *NFC Tech.*, 2015 WL 1069111, at *1 (citation omitted).

## IV. ARGUMENT

### A. Dismissal Under Rule 41(a)(2) Should Be Granted

#### 1. Defendants Will Not Be Prejudiced

There is no basis to deny Brazos's motion to dismiss under Rule 41(a)(2). Defendants will suffer no legal prejudice from such dismissal, whereas here they will not lose any "legal interest," "legal claim" or "legal argument." The "mere prospect of a second lawsuit" is not "legal prejudice." *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003); *York v. Texas A&M Univ. 12th Man Found.*, No. 2:15-CV-352-JRG, 2015 WL 13306498, at *1 (E.D. Tex. Apr. 21, 2015) (same). Nor is the mere incursion of expense. *Bryant v. Wells Fargo Bank, N.A.*, No. 3:17-CV-3121-C (BT), 2018 WL 4290791, at *2 (N.D. Tex. Aug. 23, 2018) ("legal prejudice" does not include the "mere incursion of expense").

4

Lack of legal prejudice is further reinforced if the other discretionary factors are considered: i) dismissal at this stage will only help reduce or eliminate expense that would otherwise accumulate due to remaining expert depositions, pre-trial motion practice and hearings; (ii) Brazos has not excessively delayed and lacked diligence in prosecuting the action; (iii) the need for dismissal is clear based on the status of the EPRs and Defendants own request for dismissal; and (iv) there have been no motions for summary judgment has been filed by Defendants.

Here, Brazos sought to enforce its presumptively valid patent until the patents claims were rejected by the PTO, and Defendants themselves proposed a dismissal. Defendants will not be prejudiced, and thus the cases dismissed without further conditions.

### 2. There Is No Basis For Further Conditions To Be Imposed

That Defendants had to litigate these claims until the subject patents claims were rejected by the PTO is not a basis for denying Brazos's motion or imposing additional conditions on the dismissal of its claims. And Brazos approached Defendants about dismissing or staying these cases after the final office actions issued for both patents and before filing this motion. *See* Exs. 10, 11. *See, e.g.*, *McNeil-PPC, Inc. v. L. Perrigo Co.*, 337 F.3d 1362 (Fed. Cir. 2003) ("We have not previously held any party liable for attorney fees for either vigorously prosecuting its patent application or enforcing a presumptively valid patent, even where the patent was later invalidated, in the absence of clear and convincing evidence of inequitable conduct or misconduct during litigation."); *Gendke v. Wells Fargo Bank, N.A.*, No. CIV.A. H-12-1455, 2013 WL 4017140, at *1 (S.D. Tex. Aug. 6, 2013) (denying legal fees with voluntary dismissal, and noting incurrence of significant attorney fees does not constitute prejudice even where dismissal is without prejudice). An award of fees as a condition precedent for dismissal would therefore be improper. *e-Watch, Inc. v. Mobotix, Inc.*, No. SA-12-CA-492-FB, 2014 WL 12493353, at *8 (W.D. Tex. Dec. 23, 2014) ("[B]ecause the patents at issue were valid and enforceable at the time [plaintiff] initiated the case,

5

the Court cannot state all the claims were clearly frivolous when they first were asserted in this Court. Nor was it objectively unreasonable for [plaintiff] to seek to enforce its then-valid and enforceable patents[.]"). This is especially true here where any accumulation of attorneys' fees is due to Defendants delay in filing EPRs – filing over a year and a half after Brazos filed the '144 patent complaint, and over two years after Brazos filed the '435 patent complaint. The time for PTO review is not otherwise in Brazos's control – and the final office actions issued only very recently. In fact, Brazos seeks voluntary dismissal here only because of the EPR invalidation, and not because of any arguments or positions the parties advanced before this Court. The Supreme Court has held that patent office proceedings and district court proceedings are so legally different that inconsistent outcomes may be expected. *Cuozzo Speed Techs., LLC v. Lee*, 579 U.S. 261, 283 (2016) (noting that IPRs "impose[] a different burden of proof on the challenger ... These different evidentiary burdens mean that the possibility of inconsistent results is inherent to Congress' regulatory design."). Thus, Defendants success on EPRs does not demonstrate that Defendants would have prevailed on invalidity in these cases. *See McNeil-PPC*, 337 F.3d at 1372; *see also Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1303 (Fed. Cir. 2004) (concluding, in an appeal from a denial of a fee award, that a party's decision to proceed with a lawsuit did not warrant fees "in light of the statutory presumption of validity," even if the patent is later invalidated by the PTAB); *Garfum.com Corp. v. Reflections by Ruth*, No. 14-5919 (JBS/KMW), 2016 WL 7325467, at *4 (D.N.J. 2016) (declining to find case resolved on invalidity grounds "exceptional" in light of the "high burden of proof created by the necessary deference to the PTO").

### B. A Stay Should Be Granted in the Alternative

If the Court is not inclined the dismiss the cases without prejudice, Brazos requests the cases be stayed pending the resolution of appeals in the EPRs. A stay pending appeal would mean either the litigation would be disposed of entirely if the final office actions are affirmed entirely, or the

issues would be simplified if the final office actions are affirmed in part. Defendants would suffer no prejudice (and just two months ago they themselves sought an identical stay), and a stay would conserve both the parties' resources and promote judicial economy.

### 1. A Stay Will Simplify The Issues

Whether an *inter partes* review or *ex parte* reexamination proceeding will result in simplification of the issues before the Court is "the most important factor" when evaluating a motion to stay. *NFC Tech..,* 2015 WL 1069111, at *4. Here, many, if not all, of the issues before the Court will be simplified upon final resolution of the appeals in the '144 and '435 patents' EPRs. As explained *supra*, the PTO has issued final office actions on both '144 and '435 patents, rejecting all the asserted claims of both patents. Plaintiff has filed a response to this final office action for the '144 patent which will result (a) the examiner reconsidering/withdrawing the final rejection or (b) the reexamination being elevated to appeal before the PTAB. As for the '435 patent, Plaintiff's response is due by April 28, 2023, and that response will trigger the same appeals process. The PTAB appeal statistics make it more likely than not that the final office actions for either patent will be affirmed in whole or in part – meaning at minimum this litigation will be streamlined by substantially reducing the number of claims at issue, or all claims will remain rejected and the district court litigation will be disposed of entirely.[1] *Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.,* No. 6:20-CV-00317-ADA, 2021 WL 4555610, at *3 (W.D. Tex. Oct. 5, 2021) (noting continued litigation would be wasteful in light of the stage of the PTO proceedings); *Performance Sols. LLC*

---

[1] *See Appeal and Interference statistics*, Patent Trial and Appeal Board, Feb. 28, 2023, available at https://www.uspto.gov/sites/default/files/documents/appeal_and_interference_statistics_february2023_.pdf (PTAB affirmed or affirmed in part 66% of the time from Oct. 1, 2022 - Feb. 28, 2023); *Appeal and Interference statistics*, Patent Trial and Appeal Board, Sept. 30, 2022, available at https://www.uspto.gov/sites/default/files/documents/appeal_and_interference_statistics_2022sept.pdf (PTAB affirmed or affirmed in part 64.8% of the time from Oct. 1, 2021 - Sept. 30, 2022); *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014) (noting that a review of reexamination that disposes of the "entire litigation" is the "ultimate simplification of issues");

*v. Sea Ties*, *LLC*, No. CV 20-797-SDD-RLB, 2022 WL 501389, *1–3 (M.D. La. Feb. 18, 2022) (granting renewed motion to stay an infringement action pending conclusion of third-party initiated *ex parte* reexaminations where the patent examiner had issued final office actions cancelling all of the claims of all of the asserted patents, even though the patentee had the right to appeal the examiner's decisions); *Alps South, LLC v. Ohio Willow Wood Co.*, No. 8:09-CV-386-T-EAK, 2011 WL 899627, *1–2 (M.D. Fla. Mar. 15, 2011) (granting motion for stay where final office actions had issued rejecting all claims, despite progression of the case past discovery and summary judgment briefing and claims of prejudice by opposing party); *Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 WL 545855, *2–4 (N.D. Cal. Feb. 11, 2010) (granting motion to partially stay case during pendency of an appeal at the PTO of a final rejection in a reexamination proceeding).

This factor weighs heavily in favor a stay.

### 2. A Stay Will Not Prejudice Defendant

The first factor, whether the stay will unduly prejudice the nonmoving party, favors a stay here because granting a stay will not prejudice Defendant – in fact it will help Defendant by reducing resources expended, especially the time consuming and expensive pre-trial phase of litigation. *See, e.g.*, *Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1374 (Fed. Cir. 2014) (finding that the court should be "mindful of the burden on the parties and the court in completing both fact and expert discovery . . . and preparing for trial" and further finding that such circumstances weighed strongly in favor of a stay) (citations omitted). Without a stay, Defendants would continue to incur the expense and burden of defending against infringement allegations of patent claims that have already been rejected pending the outcome of Plaintiff's appeals. *EchoStar Techs. Corp.*, 2006 WL 2501494, at *4 (noting it would "be an egregious waste of both the parties' and the Court's resources" if litigation continued including trial preparations, and trial on the

asserted patent "went forward and the claims were subsequently declared invalid"). Defendants themselves agree: on January 4, 2023, counsel for Defendant asked if Plaintiff would agree to dismiss the '144 patent case given the issued final office action and stay the '435 patent case pending the issuance of a final office action. Ex. 9 (Email from Brian A. Rosenthal).

Furthermore, a mere delay mere associated with EPR proceedings, without more, does not justify denying a stay. *See e-Watch, Inc. v. ACTi Corp., Inc.*, No. SA-12-CA-695-FB, 2013 WL 6334372, at *9 (W.D. Tex. Aug. 9, 2013). Thus, a stay will not unduly prejudice Defendants but instead would be beneficial to all parties, and the Court.

### 3. A Considerable Amount of Discovery and Motion Practice By Both Parties Remains Incomplete

That "there remains a significant amount of work ahead for the parties and the court" also weighs in favor of a stay. *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-cv-384-JDL, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014). While Plaintiff acknowledges the parties have already completed many of the preliminary aspects of the case, the parties have yet to finish expert discovery and depositions, dispositive motion practice, and other laborious pre-trial preparation remains. Absent a stay, the parties will continue to expend substantial resources completing expert discovery, dispositive motions, pre-trial motions and submissions, trial preparation, and trials for claims that the USPTO has already issued final rejections on. Without a stay, the Court is also likely to invest substantial time and resources on hearings for dispositive motions, pre-trial motions, pre-trial conferences, and trial. Defendants agreed it would be preferable to stay cases in advance of expert depositions so that "the parties do not waste time and resources on issues that will not be tried." Ex. 9 (Email from Brian A. Rosenthal). A stay is justified to avoid the needless waste of judicial and party resources. *In re EMC Corp.*, 501 Fed. Appx. 973, 975-76 (Fed. Cir. 2013); *see also Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*,

9

No. 6:20-CV-00318-ADA, 2021 WL 4555804, at *3 (W.D. Tex. Oct. 4, 2021) ("the simplification-of-issues factor overwhelms the other two factors.").

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grant its Motion to Dismiss without prejudice or in the alternative grant a stay in these actions pending the resolution of the *ex parte* reexaminations of the asserted patents.

Dated: March 20, 2023

RESPECTFULLY SUBMITTED,

*/s/ Jonathan K. Waldrop*
Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Darcy L. Jones (CA Bar No. 309474)
(Admitted in this District)
djones@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com
John W. Downing (CA Bar No. 252850)
(Admitted in this District)
jdowning@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
ThucMinh Nguyen (CA Bar No. 304382)
(Admitted in this District)
tnguyen@kasowitz.com
Chen Jia (CA Bar No. 281470)
(Admitted in this District)
cjia@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Paul G. Williams (GA Bar No. 764925)
(Admitted in this District)
pwilliams@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1230 Peachtree Street N.E., Suite 2445
Atlanta, Georgia 30309
Telephone: (404) 260-6080
Facsimile: (404) 260-6081

Hershy Stern (NY Bar No. 4631024)
(Admitted *pro hac vice*)
hstern@kasowitz.com
Howard L. Bressler (NY Bar No. 2487379)
(Admitted *pro hac vice*)
hbressler@kasowitz.com
Joshua A. Whitehill (NY Bar No. 4766473)
(Admitted *pro hac vice*)
jwhitehill@kasowitz.com
Julianne Laporte (NY Bar No. 5547906)
(Admitted *pro hac vice*)
jlaporte@kasowitz.com
Noah P. Dorman (DC Bar No. 1779821)
(Admitted *pro hac vice*)
ndorman@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

Mark D. Siegmund (TX Bar No. 24117055)
msiegmund@cjsjlaw.com
Craig D. Cherry (TX Bar No. 24012419)
ccherry@cjsjlaw.com
Gregory P. Love (TX Bar No. 24013060)
glove@cjsjlaw.com
Justin W. Allen (TX Bar No. 24081977)
justin@cjsjlaw.com
Melissa S. Ruiz (TX Bar No. 24128097)
mruiz@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND
JAMES PLLC**
The Roosevelt Tower
400 Austin Avenue, 9th Floor
Waco, Texas 76701
Telephone: (254) 732-2242

**Attorneys for Plaintiff
WSOU INVESTMENTS, LLC d/b/a
BRAZOS LICENSING AND
DEVELOPMENT**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served or delivered electronically to all counsel of record, on this 20th day of March, 2023, via the Court's CM/ECF System.

*/s/ Jonathan K. Waldrop*
Jonathan K. Waldrop