IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>    Plaintiff,<br><br>    v.<br><br>DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION,<br><br>    Defendants. | Case No. 6:20-cv-00473-ADA-DTG<br>Case No. 6:20-cv-00476-ADA-DTG |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

**TO:**   **THE HONORABLE ALAN D ALBRIGHT**
    **UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the Plaintiff's Opposed Sealed Motion to Dismiss Under Rule 41(a)(2) (ECF No. 269 in Case No. 6:20-cv-00473-ADA-DTG; and ECF No. 244 in Case No. 6:20-cv-00476-ADA-DTG). After consideration of the briefing, the applicable caselaw, and arguments made at the December 11, 2023 hearing, the Court **RECOMMENDS** Plaintiff's Motion be **GRANTED-IN-PART** and **DENIED-IN-PART** and that the case be **DISMISSED** with **PREJUDICE**, without deciding whether to award attorneys' fees.

Both parties agree that this case should be dismissed *with* prejudice. ECF No. 252.[1] The dispute is whether the Court should also order each side to bear its attorneys' fees.[2] Plaintiff contends that the Court should order that each party bear its attorneys' fees; Defendants disagree. While both parties discuss whether this case is exceptional such that an award of attorneys' fees is proper, neither party has filed a motion requesting its fees.

Given the filings the Court is satisfied that a Rule 41(a)(2) dismissal with prejudice is proper. All of the factors typically considered by a court in this situation favor dismissal with prejudice *See Allamon v. Acuity Specialty Products, Inc.*, No. 1:10-CV-294-TH, 2012 WL 12978330, at *1 (E.D. Tex. Feb. 16, 2012) (holding that "[a]lthough there is no single formula for the court to use when considering a Rule 41(a)(2) motion, courts typically consider: (1) when in the course of litigation the plaintiff files the motion; (2) whether the suit is still in pretrial stages; (3) whether the parties have filed numerous pleadings and memoranda[;] (4) whether the parties have attended conferences[;] (5) whether there are prior court determinations adverse to the plaintiff's position; (6) whether hearings have been held[;] (7) whether any defendants have been dismissed on summary judgment[;] and (8) whether the parties have undertaken significant discovery."). As no party has specifically moved for recovery of attorneys' fees, however, addressing fees at this time is premature. *See* Defendants' Response (ECF No. 252) at 13 (nothing that Defendants "plan to seek attorneys' fees once judgment is entered."). Any request for attorneys' fees should be addressed if and when the Defendants decide to file such a request.

---

[1] The Court refers to the Electronic Case Filing Nos. for Case No. 6:20-cv-00476, but the briefing is identical for both cases.

[2] At the hearing, both parties agreed that Defendants should be allowed to seek their costs as the prevailing party.

## OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

SIGNED this 4th day of January, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE